(76 South. 445)

### Ex parte STATE.
### STATE v. COLLINS.
#### (3 Div. 314.)

(Supreme Court of Alabama. June 28, 1917.)

1. EMBEZZLEMENT ⬄14—BY "AGENT"—INDICTMENT—SUFFICIENCY ON DEMURRER.

Under Code 1907, § 6828, with reference to embezzlement by an "officer, agent or clerk," the word "agent" is used in its popular sense, and the use of the word "servant" in the alternative with agent rendered the whole count bad on demurrer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Agent.]

2. CRIMINAL LAW ⬄1032(5)—INDICTMENT—ABSENCE OF DEMURRER — EXTENT OF REVIEW.

As one of the alternatives was good under the statute, the indictment was not void, and was sufficient to support a judgment of conviction, and the defect did not warrant an arrest of judgment or the reversal of the case by the appellate court in the absence of the point being appropriately raised in the trial court.

John L. Collins was convicted of an embezzlement, and appealed to the Court of Appeals (76 South. 413), where the judgment was reversed, whereupon the State brings certiorari. Writ granted, and judgment of Court of Appeals reversed and remanded.

W. L. Martin, Atty. Gen., and W. T. Seibels, Sol., R. G. Arrington, and Rushton, Williams & Crenshaw, all of Montgomery, for the State. Roquemore & Graham, of Montgomery, for appellee.

ANDERSON, C. J. [1, 2] The defendant was indicted for embezzling the funds of a corporation, and it appears from section 6828, Code of 1907, that the part thereof that relates to incorporated companies or municipal corporations, as distinguished from a private person or persons, uses the words "officer, agent or clerk," and not "servant." The Legislature not only seems to make a distinction between "agent" and "servant" in wording the statute, but our court has held in Pullam's Case, 78 Ala. 31, 56 Am. Rep. 21,

that the word "agent," as used in this statute, was not used in its broadest term so as to include all servants, but was used in its popular sense, "meaning one who undertakes to transact some business or to manage some affair for another by the authority and on account of the latter, and to render an account of it; a substitute." Therefore the use of the word "servant" in the alternative with "agent" in the indictment rendered the whole count bad upon demurrer, but, as one of the alternatives was good under the statute, the indictment was not void, and was sufficient to support a judgment of conviction, and the defect would not warrant an arrest of judgment or the reversal of the case by the appellate court in the absence of the point having been appropriately raised in the trial court. In the case of Hornsby v. State, 94 Ala. 55, 10 South. 522, the court, after holding that the indictment was bad on demurrer, held that the defect must have been taken advantage of by the defendant before trial and conviction, and, speaking through Coleman, J., said:

"It would seem to follow from these authorities that, when a count is in the alternative, with some of the averments good, and others charged in the alternative are bad, and no objection is taken to the indictment, a general verdict will be referred to the good averments, and a judgment on conviction will be sustained. Under any other rule no attorney of any skill would interpose a demurrer or other objection when an indictment was defective, by reason of having bad counts or insufficient averments. He would simply take the chances of acquittal, and, failing in this, would move in arrest of judgment, and thereby secure the discharge of the defendant, or a new trial. To sustain a judgment of conviction, there must be a good count in the indictment; or, if there is but one count containing charges in the alternative, there must be one or more good and sufficient averments. There may be some decisions not altogether consistent with the rule here laid down; but we think this the better practice, and in harmony with the principles of law declared in the cases cited supra."

The above quotation indicates that the court had in mind that there were previous decisions not in harmony with the Hornsby Case, and it in effect overruled the case of Raisler v. State, 55 Ala. 64, which was followed by the Court of Appeals in the case at bar, and said Raisler Case is expressly overruled in so far as it held that the defect was fatal in the appellate court, though not taken by demurrer in the trial court.

The case of the State v. Nix, 165 Ala. 126, 51 South. 754, is not opposed to the present holding. There the indictment was held good, and the court, in discussing same, which consisted of but one count, did say in discussing alternative averments that, if one or more of them charged no offense, "then the indictment would be bad in toto," meaning, of course, upon demurrer, but the court did not hold that the indictment would be void and would not support a conviction if there was a good alternative averment, notwithstanding the

defect was not raised by a demurrer before conviction.

The case referred to in the opinion of the Court of Appeals as Brown v. State, 73 South. 36, which was evidently meant for Brooms v. State, 73 South. 36, is not opposed to the present holding, and does not support the opinion of the Court of Appeals, as the point here was not involved, and that case related to the right of defendant to require an election.

The Court of Appeals erred in holding that the defect in the indictment was error to reverse, notwithstanding no demurrer had been interposed thereto, and the cause must be reversed, and remanded to said Court of Appeals for further consideration.

Writ awarded, and reversed and remanded to Court of Appeals. All Justices concur.