(118 So. 595)

**SMITH v. STATE.** (4 Div. 396.)

Supreme Court of Alabama. Oct. 4, 1928.

Rehearing Denied Nov. 30, 1928.

L. H. Brassell, of Troy, for appellant.

428

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

BROWN, J. ▮ While the subscription of the instrument, set forth in the first count of the indictment, by the party sought to be charged, was, under the statute, essential to constitute it an "evidence of debt," so as to make it the subject of forgery in the first degree (Code of 1923, §§ 4120, 8034), yet it purported to be signed by Watkins, and to be his act transferring a right or interest in the property to Smith, and was the subject of forgery in the second degree, as was the receipt for the payment of money set forth in the second count (Code of 1923, § 4121; Allen v. State, 79 Ala. 34).

▮ The statute defining forgery in the second degree, like that defining forgery in the first degree, makes the uttering and publishing as true, with the intent to injure or defraud, any falsely made, altered, forged, or counterfeited instrument, writing, indorsement, or entry, specified or included therein, an offense of equal gravity with the forgery of such instrument, and prescribes the same punishment therefor. Code, §§ 4121, 4129. And though form 62, Code of 1923, § 4556, does not embrace the uttering or publishing of such writing, etc., where, as here, the indictment follows the language of the statute, it is sufficient. Espalla v. State, 108 Ala. 38, 19 So. 82.

▮ Moreover, the appellant went to trial without testing the sufficiency of the indictment by demurrer, and where, as here, one of the alternatives of the charge confessedly is good, he has no ground to complain. State v. Collins, 200 Ala. 503, 76 So. 445.

▮ The finding by the Court of Appeals, that the question of election was not presented on the record, is a finding of fact, which will not be reviewed on certiorari. Kirkwood v. State, 184 Ala. 9, 63 So. 990.

▮ It does not appear, upon the face of the application for certiorari or the opinion of the Court of Appeals, that the application for rehearing to the Court of Appeals covered the points or decision involved in granting the motion of the solicitor to exclude the testimony of the witness Annie Will Smith and the trial court's ruling on the defendant's objections to the several checks adduced by the state as evidence, as required by rule 44 of Supreme Court Practice. Code of 1923, vol. 4, p. 894.

For this reason, these questions are not considered.

The writ of certiorari is denied.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.