25 So.2d 441

### HAWKINS v. STATE.

6 Div. 383.

Supreme Court of Alabama.

March 28, 1946.

Carlton T. Wynn, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

PER CURIAM.

The appeal is from the conviction of burglary in the first degree. Code 1940, Tit. 14, §§ 85, 86.

There was but one count in the indictment. It charged that Leon Hawkins, with intent to steal, in the nighttime, broke into and entered the inhabited dwelling house of Herman Davis, a person lodged therein, against the peace and dignity of the State of Alabama. Bell v. State, 48 Ala. 684, 17 Am.Rep. 40; 114 A.L.R. p. 1419, Note.

The jury fixed the punishment at twenty-five years imprisonment in the penitentiary. The judgment responded to the verdict of the jury.

The only questions presented for review are rulings made on the introduction of the evidence and the refusal to give certain charges that defendant requested in writing.

■ The question of intent is an important element of the crime for which the defendant is charged and for which he was convicted under the statute. In Walker v. State, 85 Ala. 7, 10, 4 So. 686, 687, 7 Am.St.Rep. 17, this court declared:

"All minor or evidentiary circumstances which tend to shed light on the intent of the defendant, are admissible in evidence against him though they may have transpired previous to the commission of the offense. Motive is an inferential fact, and may be inferred, not merely from the attendant and surrounding cicumstances, but, in conjunction with these, all previous occurrences having reference to and connected with the commission of the offense. It having been shown that the defendant and the woman injured had lived in adultery for some time; that she left him in May, 1887; and there being evidence tending to show, that he shot her because of her persistent refusal to return and live with him,—the relation which had existed, and the defendant's repeated and continuous efforts, growing out of such relation, to induce her to return, her repeated refusals, his following her from place to place, his threats in consequence of her continued refusal, and demonstrations of violence on such occasions, are each and all competent evidence to go to the jury, in connection with the immediate circumstances of the injury, from which may be inferred the intent with which the assault was made."

See also Blue v. State, 246 Ala. 73, 78, 81, 10 So.2d 11; Goocher v. State, 227 Ala. 337, 140 So. 830. We think the questions by counsel of the state to the state's witness, whose house was broken into and entered, as to whether he was married and how long he had lived with Mary Davis were pertinent to be considered, with the evi-

dence tending to show illicit relations of defendant and the woman claimed to be the wife, and the fact she was drinking with and inviting defendant to her house.

In 9 Amer.Juris. p. 272, § 63, it is said:

"Evidence which shows or tends to show the intent of the accused is competent. Evidence of the acts of the accused is admissible for the purpose, for instance, evidence of an actual larceny is competent evidence as tending to prove an intent to steal.

"The defendant may testify, and may show any fact tending to characterize the breaking, as, for instance, that he had been maintaining illicit relations with the occupant of the house and that his purpose was to have sexual intercourse with her by her consent. (Robinson v. State, 53 Md. 151, 36 Am.Rep. 399)." Parenthesis supplied.

See also 20 Amer.Juris. p. 316, § 340, where it is declared that:

"In criminal prosecutions, whenever the motive or intent of the accused is important and material, a somewhat wider range of evidence is permitted in showing such motive or intent than is allowed in support of other issues, otherwise, there would often be no means to reach and disclose the secret design or purpose of the act charged, in which the very gist of the offense may consist. Such intent or motive may be proved by either direct or circumstantial evidence. All evidentiary circumstances which are relative to, or tend to shed light on, the motive or intent of the defendant or which tend fairly to explain his actions are admissible in evidence against him, although they may have occurred previous to the commission of the offense. Motive is an inferential fact, and may be inferred, not alone from attendant and surrounding circumstances, but, in conjunction with these, from all previous circumstances which have reference to and are connected with, the commission of the offense; any competent evidence tending to show the existence or nonexistence of a motive for the commission of a crime is competent on a prosecution therefor. * * *."

Our cases of Walker v. State, supra, and Noles v. State, 26 Ala. 31, 62 Am.Dec. 711, are cited in support of the above text.

Such are pertinent rules in this jurisdiction shedding light on the intent, which may be illustrated by circumstantial evidence. The defendant cannot declare his intent. This must be inferred by the jury from a due consideration of all the material evidence. And thus it was error to sustain the state's objection to evidence showing the relation between the owner of the house and the woman with whom Herman Davis was living at the time in question, as illustrated by testimony showing the relation between defendant and Mary Davis. This was a matter which the jury should have considered in determining whether or not the circumstances were such as to impress them beyond a reasonable doubt that defendant entered the home of Mary Davis on the occasion complained of with the intent to steal, or for the purpose of having illicit relations with her. The question to which objection was interposed and sustained of, "How long have you lived with Mary Davis?" should likewise have been permitted to defendant, under tendency of evidence given by Eliza Dancer and Edna Carter, to the effect that Mary Davis and Leon Hawkins went together as boy and girl friends for about six months; that they had been together at the 15th Street Grill, where defendant had bought her beer.

Defendant's counsel sought further to give the jury the facts about the relation of the parties, asking, "Do you know whether or not Mary Davis was married to Herman Davis?" The trial court was informed by defendant's counsel that the purpose of the several questions sought to be propounded was whether or not illicit relations existed between the defendant and the woman with whom Herman Davis was living at the time, and they should have been permitted.

We are of opinion, therefore, that the case should be retried on the issues made in the indictment against defendant.

Reversed and remanded.

The foregoing opinion was prepared by Mr. Justice Thomas, now deceased, and upon consideration of the cause is adopted as the opinion of the court. Accordingly, the judgment of the lower court is reversed and remanded.

GARDNER, C. J., and FOSTER, LAWSON, and STAKELY, JJ., concur.