27 So.2d 793

**THOMAS v. STATE.**

**7 Div. 883.**

Supreme Court of Alabama.

Oct. 10, 1946.

Rehearing Denied Nov. 21, 1946.

Motley & Motley, of Gadsden, for petitioner.

Wm. N. McQueen, Atty. Gen., and Williard W. Livingston, Asst. Atty. Gen., opposed.

FOSTER, Justice.

Petitioner makes two contentions, one of which is dependent upon the other.

The first is that it is not an offense under section 98, Title 29, Code, to buy prohibited liquor in a dry county. The Court of Appeals has so held in two cases, Griffin v. State, 22 Ala.App. 369, 115 So. 769; Sharp v. State, 22 Ala.App. 562, 118 So. 238.

But it was pointed out in Sharp v. State, 23 Ala.App. 457, 126 So. 895 (a second appeal), that in Jinright v. State, 220 Ala. 268, 125 So. 606, this Court held otherwise, observing that the provision of what is now section 98, Title 29, Code, making it unlawful to receive or have in possession such liquors, also includes the buying of them, and refused to follow Griffin v. State, supra; but without referring to Sharp v. State, and held that form 34(101), section 259, Title 15 (as used in the instant case) does charge an offense insofar as it uses the word "buy," though that is not in the statute, and that the indictment was not subject to demurrer on that ground.

That makes the second contention without basis on which to rest. It is as the brief for petitioner states, that the information containing an alternative charge which states no offense will not support a conviction, though there was no demurrer to it, and though it contained other alternatives which were good. Moreover, this contention has been expressly denied by a decision of this Court, and cases otherwise holding, and cited by petitioner, have been overruled. Ex parte State (State v. Collins), 200 Ala. 503, 76 So. 445.

The writ is denied.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.