78 So.2d 663

ATLANTIC COAST LINE RAILROAD CO.

v.

Leonard SMITH.

6 Div. 901.

Court of Appeals of Alabama.

Dec. 28, 1954.

Rehearing Denied Feb. 8, 1955.

Huey, Stone & Patton, Bessemer, for appellant.

Ross, Ross & Ross, Bessemer, for appellee.

HARWOOD, Judge.

In the court below the plaintiff gained a verdict and judgment for damages for the death of a mule.

No need arises to set out the pleading or facts, for counsel for the defendant railroad, the appellant here, has stated in brief that the sole question presented by this appeal is the constitutionality of the underlined portion of Section 173, Title 48, Code of Alabama 1940, which is as follows:

"A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, *and that there was no negligence on the part of the company or its agents."*

The above code section has come down virtually without change from the Code of Alabama of 1886.

It is the contention of counsel for the appellant that that portion of Section 173, supra, requiring a railroad to acquit itself of negligence, unjustly discriminates against railroad operators and denies to them the equal protection of laws guaranteed by the Fourteenth Amendment to the Constitution of the United States.

In support of this contention counsel for appellant argue that when Section 173, supra, was first enacted there were no automobiles, buses, or trucks, and the only form of transportation hazardous to animals were railroads; that today, with the development of automotive transportation a new method of transportation has arisen in competition with railroads, a matter of such general knowledge as to be a basis for judicial knowledge. The result is therefore that such changed conditions now amounts to an unreasonable classification in the operation of the laws, placing a burden on railroads not placed on other persons, natural or artificial, within the same class or business. Thus counsel contends the underlined portion of Section 173, though constitutional when enacted, has become invalid by reason of the changed conditions in which it is now sought to be applied.

By the provisions of Section 95, Title 13, Code of Alabama 1940, the decisions of the Supreme Court shall govern this court.

In Louisville & N. R. Co. v. Martin, 223 Ala. 410, 137 So. 25, and Louisville & N. R. Co. v. Green, 222 Ala. 557, 133 So. 294, the constitutionality of the progenitor of Section 273, supra, was upheld by our Supreme Court. In so far as this court is concerned this question is therefore settled, and an affirmance of the lower court is in order.

Affirmed.