113 So.2d 186

**Fred William SMITH**

v.

**STATE.**

**8 Div. 462.**

Court of Appeals of Alabama.

March 3, 1959.

Rehearing Denied March 24, 1959.

Howell T. Heflin, Tuscumbia, for appellant.

MacDonald Gallion, Atty. Gen., and A. J. Harris, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from the Colbert Law and Equity Court from a judgment on a plea of guilty wherein Smith was fined $250 and given additional punishment of sixty days' confinement in the county jail. It is also taken from an order denying a new trial.

The complaint charged that Smith "did take, capture, kill or have in his possession more than one day's creel limit of any one species of game fish, or capture, take, kill or have in possession more than 50 in the aggregate of all species of game fish in said County within twelve months before making this affidavit, against the peace and dignity of the State of Alabama."

This case comes under § 22 of the 1957–58 regulations of the Department of Conservation "Relating to Game, Fish and Furbearing Animals." The pertinent part of § 22 reads:

"22. Creel Limits for Game Fish. The creel limits for game fish in Alabama during the 1957–58 season are

fixed by the Director of Conservation by virtue of the authority contained in Title 8, Section 17 and Section 21 as amended, of the 1940 Code of Alabama as follows:

"Daily Creel Limits

"Bass (Trout or Green Trout) ............. 15

\* \* \* \* \* \*

"No person shall take, capture, kill or have in possession more than one day's creel limit of any one species of game fish, or take, capture, kill or have in possession more than 50 in the aggregate of all species of game fish."

Smith points to a discrepancy between the fish listed in Code 1940, T. 8, § 60, and those named in § 21 of the Director's regulations, in that the latter allegedly include, as game fish, certain fish not listed in the statute. The Director says a fish by any other name is yet but the same.

We need not go into fish lore, since, if the defendant did not come within the provisions of § 60, supra, in that the fish that he was accused of catching, etc., were not game fish by statute, this could have been presented by holding the State to strict proof. This question lies in proof rather than in pleading.

The regulatory power of the Director of Conservation here involved is set forth in Code 1940, T. 8, § 17, reading in part:

"The director \* \* \* is empowered: \* \* \* to fix daily creel limits on game fishes; \* \* \*"

See also §§ 7, 9 and 21 (as amended) of the same Title.

The regulation sought here to be subsumed into the substance of the criminal law is claimed to be ultra vires the Director, in that his power extends only to fixing "*daily creel limits*," whereas the last paragraph of the regulation (§ 22) and the conforming wording of the complaint go beyond a daily

creel limit, in that there has been added, without statutory authority, express or implied, having "in possession more than one day's creel limit," or "more than 50 in the aggregate," etc. (Italics supplied.) We are cited to Kahalley v. State, 254 Ala. 482, 48 So.2d 794, and Connor v. City of Birmingham, 36 Ala.App. 494, 60 So.2d 474.

Slater v. State, 230 Ala. 320, 162 So. 130, is to the effect that a blanket charge which is bad in toto (e. g., "violating prohibition law" or violating "public health law") will not support a conviction even though the defect is only first raised on appeal. See also State v. Scoles, 39 Ala.App. 59, 94 So.2d 223, and Champion v. State, 266 Ala. 283, 95 So.2d 801.

In Jetton v. State, 29 Ala.App. 134, 195 So. 283 (citing Raisler v. State, 55 Ala. 64, which was later overruled), this court, treating of a single count indictment which omitted an averment indispensable to burglary, held the "fatal defect—glaringly apparent," and one which must be noted here even though the insufficiency was not raised below.

 However, when disjunctive averments appear in an indictment or information with one or more averments constituting a correct charge of a public offense, the failure to question in the trial court the invalidity of a patently bad allegation is treated as a waiver of the defect and a general verdict will be deemed referable to the correct averments. Jackson v. State, 236 Ala. 75, 182 So. 83, following State v. Collins, 200 Ala. 503, 76 So. 445. See also Thomas v. State, 248 Ala. 415, 27 So.2d 793, and Esdale v. State, 37 Ala.App. 48, 68 So.2d 512.

In view of Smith's failure to demur to the complaint, we are not presented with the question of whether or not § 22 of the regulation has exceeded the authority conferred upon the Director by the Legislature. Accordingly, we scrupulously refrain from approving or disapproving that part of the regulation which extends past the clear legal power to fix "daily creel lim-

its" either as to its reasonableness or as to whether or not it is ultra vires the Director. We cannot, of course, declare a purported statutory delegation of legislative power unconstitutional, at least not in a case of first impression—Code 1940, T. 13, § 98.

In view of the plea of guilty, no testimony was taken below; nor was this necessary since the trial judge was empowered to prescribe the fine and punishment under Code 1940, T. 15, §§ 327 and 328. Title 8, § 13, makes a misdemeanor of a breach of a regulation duly approved by the Advisory Board of Conservation.

We have reviewed the entire record, as is our duty under Code 1940, T. 15, § 389, and since no ruling was invoked at nisi prius, and since our review is appellate (Pritchett v. State, 18 Ala.App. 628, 93 So. 341), we find it free of any reversible error as thus considered.

Affirmed.