117 So.2d 399

LOUISVILLE & NASHVILLE RAILROAD COMPANY

v.

Winston L. STUART.

2 Div. 412.

Supreme Court of Alabama.

Jan. 21, 1960.

---

Steiner, Crum & Baker, Montgomery, and Reeves & Stewart, Selma, for appellant.

John L. Godbold, Camden, for appellee.

**MERRILL, Justice.**

Appellee Stuart sued appellant in simple negligence to recover the value of a cow alleged to have been killed by appellant's locomotive in Wilcox County. After the court had ruled on the pleadings, the parties stipulated that appellee's damage amounted to $200, waived trial by jury and the court entered judgment for appellee for $200. A motion for a new trial was overruled and this appeal was perfected to the Court of Appeals and transferred to this court under Tit. 13, § 98, Code 1940.

The complaint avers that the Alabama Public Service Commission of the State of Alabama had, on March 1, 1955, issued an order notifying appellant railroad company to fence a portion of its right-of-way adjacent to appellee's lands in Wilcox County, that appellant did not comply with said order, and that as a proximate consequence thereof, appellee's cow was struck and killed.

The order of the Alabama Public Service Commission, dated March 1, 1955, was issued pursuant to the provisions of Tit. 48, §§ 183 and 184, Code 1940. These sections provide:

"§ 183. Whenever the public service commission deems it necessary that any railroad in this state, or any portion thereof, should be fenced, they shall notify the person, or corporation, operating such railroad, of their conclusion."

"§ 184. Upon failure, after a reasonable notice, to fence such railroad or the portion thereof designated, the person or corporation operating such railroad shall be liable in damages for the value of any stock killed or injured upon the portion of the line so designated to be fenced, whether with or without negligence; but if the fence is erected in conformity to the notice, no liability shall attach for stock killed or injured upon the portion of the line so fenced, unless the killing or injury was committed wilfully."

Appellant's Pleas No. 4 and No. 5 each attack the constitutionality of said §§ 183 and 184. Said pleas each aver that said sections violate Sections 6, 13, 23 and 35 of the Alabama Constitution of 1901, and each violates the Fourteenth Amendment to the Constitution of the United States; that said §§ 183 and 184 are unconstitutional, null and void, and that the said order of the Alabama Public Service Commission, issued March 1, 1955, is invalid, null and void.

Plea No. 4 bases its conclusion of the unconstitutionality of said §§ 183 and 184

on the following facts, viz.: That on the date of said order, and for a number of years prior thereto, buses, trucks and motor vehicles engaged as common carriers for hire of goods and passengers had been operating in large numbers on the public highways of Alabama, and in Wilcox County, in competition to this appellant railroad company, and that such persons are within the same class or business as this appellant. The plea avers that §§ 183 and 184 of said Tit. 48, were originally enacted on February 26, 1881, at which time there were no paved highways, no buses, no trucks and no motor vehicles of any kind in the State of Alabama or in Wilcox County. The plea further avers that on May 30, 1952, "open range counties" were abolished in Alabama, and that since said date, it has been unlawful for stock to go at large in Wilcox County, and that prior to May 30, 1952, large numbers of stock did go at large in said county and state. The plea further avers that appellant owns many miles of right-of-way in the State of Alabama and in Wilcox County, and that the fencing of said right-of-way would entail a large expenditure.

Plea 4 avers that by reason of the changes in the modes and methods of transportation of goods and passengers for hire since the adoption of said statute on February 26, 1881, the classification which said §§ 183 and 184, Tit. 48, requires railroads, including this appellant, to comply with, as compared with other modes and methods of transportation of goods and passengers for hire in Wilcox County, is arbitrary, unreasonable, unjust and illegal, and that such classification deprives this appellant of the equal protection of the law on the subjects covered by said statutes, and further deprives this appellant of its property without due process of law, all as guaranteed to appellant by the aforesaid Sections 6, 13, 23 and 35, respectively, of the Alabama Constitution of 1901, and by the Fourteenth Amendment to the Constitution of the United States.

Plea No. 5 contains substantially the same averments as Plea 4, averring that §§

183 and 184 impose a penalty on this appellant as a railroad company, which is not imposed on the owners and operators of buses, trucks and motor vehicles in the same class or business as this appellant, and that the changed economic, transportation and safety conditions respecting the carriage of goods and passengers and their protection from livestock going at large since the enactment of such statutes in 1881, render it arbitrary, unfair, unjust and unequitable, to require this appellant to fence its right-of-way for the protection and safety of the traveling public and their property against livestock at large, without making similar fencing requirements of the owners and operators of buses, trucks and motor vehicles operating in competition with this appellant. The plea avers that such classification is arbitrary, unreasonable and unjust, and deprives appellant of the equal protection of the law, and further deprives appellant of its property without due process of law.

Appellee demurred to appellant's pleas 4 and 5 on the grounds that said §§ 183 and 184 of Tit. 48 are not violative either of the Constitution of Alabama or of the Constitution of the United States. The court sustained the demurrer to all of appellant's pleas, except the plea of general issue.

The sole question presented on this appeal is the constitutionality vel non of §§ 183 and 184, Tit. 48, Code 1940. This question was considered by this court in 1920 in the case of Ex parte Hines, 205 Ala. 17, 87 So. 691, 695, where it was said:

" * * * This was but the fair exercise of the police power of government delegated by the Legislature to the Railroad Commission, and was the imposition of a just and reasonable penalty for the violation of its duty to fence the right of way, or portion thereof, after due notice from such constituted public authority or agency of the state, and which penalty could only be collected by the person injured. The reason for this regulation requiring the right of way, or portion thereof, where the same is contiguous to private property, to be fenced on due notice, is for the protection of property, and, in a sense, for the benefit of the public, though recovery of the damage resulting from such failure of statutory duty must be had by the party injured. Johnson v. Oregon Short Line Ry. Co., 7 Idaho, 355, 63 P. 112, 53 L.R.A. 744, 747."

Appellant relies on the proposition of law that a statute valid when enacted may become invalid by change in conditions to which it is applied. Nashville, C. & St. L. Ry. Co. v. Walters, 294 U.S. 405, 55 S.Ct. 486, 79 L.Ed. 949; Abie State Bank v. Weaver, 282 U.S. 765, 51 S.Ct. 252, 75 L. Ed. 690; Atlantic Coast Line R. Co. v. Ivey, 148 Fla. 680, 5 So.2d 244, 139 A.L.R. 973; Louisville & Nashville Railroad Co. v. Faulkner, Ky., 307 S.W.2d 196; City of Winston-Salem v. Southern Railway Co., 248 N.C. 637, 105 S.E.2d 37.

The case of Atlantic Coast Line R. Co. v. Ivey, 148 Fla. 680, 5 So.2d 244, 139 A.L. R. 973, is exactly in point in that the Supreme Court of Florida had previously held in 1894 and 1914 that statutes somewhat similar to ours were constitutional, but in the Ivey case, held that changed conditions rendered the application of the statutes unconstitutional.

We do not know how much influence the provision in the Florida statutes that the plaintiff "was allowed to recover double the value of the animal killed, plus $50 as attorney's fees" which was termed "another gross inequality" exerted on the majority of the justices in that decision. Our statutes contain no such provision.

In 1954, the Court of Appeals followed cases of this court in upholding the constitutionality of Tit. 48, § 173, Code 1940, which requires a railroad to acquit itself of negligence in a suit where it is shown that persons or property were injured by the locomotive or cars of the railroad. Unjust discrimination and change of conditions were there argued. On certiorari

to this court, we said "We have no inclination to depart from those previous holdings." Atlantic Coast Line Railroad Co. v. Smith, 38 Ala.App. 120, 78 So.2d 663, certiorari denied 262 Ala. 345, 78 So.2d 664, 665.

We are cognizant of ever changing conditions and the highway travel and transportation of today was virtually unknown when §§ 173, 183 and 184 were enacted into law. Many Legislatures have convened and adjourned since that time and a whole new field of statutory law has developed regulating motor transportation and carriers. The Legislature has seen fit to re-enact §§ 183 and 184 from the Code of 1886 to the Code of 1940.

We have no inclination to depart from the holding in Ex parte Hines, 205 Ala. 17, 87 So. 691.

The judgment of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.