Defendant was convicted by a Calhoun County jury for the offense of burglary in the second degree and sentenced by the Court to five (5) years in the penitentiary.
 I
The evidence tends to show that on November 23, 1975, Defendant was discovered by Mr. Hugh Borden in a building used by Mr. Borden as an apartment and a bait shop. When Mr. Borden returned from a short trip, he entered through the rear entrance of the building and the Defendant and a son exited through a front entrance of the building. Mr. Borden followed the Defendant into the front yard and fired several shots either into the air or in the general direction of the fleeing Defendant. However, Defendant escaped. The Ohatchee Police were called and later on that same day apprehended Defendant in the same general vicinity of the building.
 II
Defendant first contends that the trial Court erred in not sustaining Defendant's motion for directed verdict, motion to exclude State's evidence, and motion in arrest of judgment on two grounds: (1) That there was a fatal variance in the pleading and the proof inasmuch as Defendant contends the indictment alleges breaking into the "Rio Vista Bait Shop" and the evidence shows the breaking was into the apartment or residence of Mr. Hugh Borden. (2) That there was no evidence from which the jury could find the Defendant entered any building with an intent to steal.
The indictment in this case charges that the Defendant broke into and entered a "shop, store, warehouse or other building of Hugh Borden, to wit: Rio Vista Bait Shop . . ." A careful reading of the record reveals that the building of Hugh Borden was used as a bait shop and as an apartment for Mr. Borden. There was open access from one area to the other. We find no fatal variance between the indictment and the proof at trial in regard to the building broken into.
As to ground (2) above, the question of intent is a question for the jury. Such intent of the Defendant must be inferred by the jury from a due consideration of all of the material evidence and the *Page 880 
Defendant cannot declare his intent. Code of Alabama 1940, Recompiled 1958, Title 14, Sections 85, 86. See Hawkins v.State, 247 Ala. 576, 25 So.2d 441 (1946).
 III
Defendant next contends that the Court erred in allowing into evidence testimony that the Defendant had in his possession certain currency (change), there being no showing that such currency was connected with the alleged burglary or that the currency itself was that of Hugh Borden, the owner of the building. The testimony revealed that certain change (or currency) had been taken from a cash register in the building and further that the Defendant had in his possession some thirteen (13) dollars and four (4) cents in change when he was arrested in the general vicinity of the building a short time after he was discovered therein. Such evidence was a proper and relevant circumstance to be considered by the jury and was properly admitted by the trial Court. Wiggins v. State, 31 Ala. App. 50, 12 So.2d 756 (1943).
 IV
Defendant next contends that the Court erred in admitting into evidence a statement which Defendant had given to Ohatchee Police Officers investigating this burglary. Defendant offers two grounds in support of that contention: (1) That Defendant had been told by the police officers that it would be in his best interest if he confessed and (2) that the police officers had not advised the Defendant that he was entitled to an attorney nor that an attorney would be appointed to represent him if he could not afford one.
The evidence is in conflict as to both points. Defendant testified that the officers had told him it would be in his best interest to make such a statement. However, Officer Hurston Dodgen testified that he had not told the Defendant it would be in his best interest to make such a statement.
In addition, the record reveals that Officer Hurston Dodgen testified on page 76 of the transcript, "and if he couldn't afford an attorney, that one would be appointed for him by the Court." In addition to the Defendant being informed by the police officers of his "Miranda" rights, the written statement which Defendant signed included a written warning of such rights. Witness Dodgen testified that he read the statement back to Defendant and that the Defendant signed the statement.
Extra-judicial statements are prima facie involuntary and inadmissible, and the duty rests in the first instance on the trial Court to determine whether or not a confession is voluntary and unless it so appears it should not be admitted.Lokos v. State, 278 Ala. 586, 179 So.2d 714; Sanders v. State,278 Ala. 453, 179 So.2d 35.
"The true test is whether, under all the surrounding circumstances, a confession has been induced by a threat or a promise, express or implied, operating to produce in the mind of the prisoner apprehension of harm or hope of favor. If so, whether true or false, such a confession must be excluded from the consideration of the jury as having been procured by undue influence." Guenther v. State, 282 Ala. 620, 213 So.2d 679, cert. denied, 393 U.S. 1107, 89 S.Ct. 916, 21 L.Ed.2d 803;Womack v. State, supra [281 Ala. 499, 205 So.2d 579].
This Court has previously recognized the fact it is not unusual for the voluntariness inquiry to present conflicting evidence. Edgil v. State, 36 Ala. App. 379, 56 So.2d 677. When such conflict occurs and the trial judge finds that the confession was voluntarily made, great weight must be given to his judgment. This finding will not be disturbed on appeal unless the appellate court is convinced that the conclusion is palpably contrary to the weight of the evidence. Emerson v.State, supra; Harris v. State, 280 Ala. 468, 195 So.2d 521;Edgil v. State, supra. Even where there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and voluntariness were observed, the ruling of the trial judge need only to be supported by substantial *Page 881 
evidence and not to a moral certainty. Minirth v. State,40 Ala. App. 527, 117 So.2d 355, cert. denied, 270 Ala. 288 [228],117 So.2d 360.
 V
Defendant next contends that the Court erred in allowing into evidence, over Defendant's objection, a pistol which had been taken from the Rio Vista Bait Shop. Defendant assigns two grounds: (1) That the chain of evidence had been broken and (2) that such pistol was seized as a direct result of the illegal seizure and use of Defendant's automobile.
A reading of the transcript reveals that the chain of evidence was complete, in that there was no missing link in the chain of possession. Powell v. State, 47 Ala. App. 582,258 So.2d 923.
As to ground (2) above, the records show that while one of the police officers was driving the automobile of the Defendant, the Defendant appeared on roadside and pulled the pistol on the police officer. At this point, the police officer pulled his own pistol and disarmed the Defendant. Such seizure of the pistol was altogether reasonable under the circumstances and is in no way connected with possession or use of Defendant's automobile by the police officer.
 VI
We have considered the entire record under Code 1940, T. 15, Section 389, including the following:
a) The clerk's certificate;
b) The court reporter's certificate;
c) The statement of the organization of the court;
 d) The indictment (caption, charge, conclusions, and required endorsements);
 e) Judgment entry (arraignment, presence of counsel, empanelling of the jury, verdict, adjudication of guilt, allocutus, sentence and notice of appeal);
f) Proceedings on the motion for new trial; and
 g) Each ruling of the trial judge adverse to the appellant.
From this examination we conclude that error is not made to appear.
The foregoing opinion was prepared by Hon. J. Edward Tease, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
All the Judges concur except CATES, P.J., not sitting.