HARRIS, Judge.
Appellant was convicted of burglary in the third degree and his punishment was fixed at ten years’ imprisonment in the penitentiary. At arraignment, in the presence of court-appointed counsel, he interposed a plea of not guilty. After sentence was imposed he gave notice of appeal. New counsel represents him on this appeal.
Omitting the formal parts, the indictment reads as follows:
“The Grand Jury of said County charge that, before the finding of this indictment Jerald Gaillard whose name is to the Grand Jury otherwise unknown than as stated, did knowingly enter or remain unlawfully in a building, Palmer School, the property of Mobile County School Board, with intent to commit a crime therein, to-wit: theft, in violation of § 13A-7-7 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
Shortly before eight o’clock on the night of January 18, 1982, Police Officer LeBar-ron Smith of the City of Prichard responded to a call to go to the Palmer School along with his partner, Officer Tucker. The testimony showed there had been numerous burglaries at the school.
*779 As Officer Smith approached the school building he heard noises and saw appellant and an accomplice climbing out of one of the classroom windows. Officer Tucker exited the patrol car in front of the building. Officer Smith ordered the men to stop but both started running and Smith radioed his partner that “they were coming his way” and ran after them. After chasing appellant for about twenty yards Smith apprehended him. Smith identified appellant in court as the man he chased and arrested.
Officer Smith examined the window from which appellant and his accomplice exited the classroom. He stated, “I believe it was broken. I am not sure. It was raised, but I believe it was broken, too. I am not sure on that now.” No other windows were either opened or broken. All the doors to the school were secured.
Officer Smith discovered a cassette, a recorder, and a radio outside the open window after appellant was arrested and placed in the patrol car which was parked on the campus of the school.
Mrs. Grace Daniels, Principal of Palmer Elementary School, went to the school that night and identified the audio-visual equipment as having been removed from different classrooms throughout the school. She further testified that no one, including appellant, had permission to be in the school that night. She took custody of all the equipment and returned it to the classrooms.
Appellant testified that he had formerly attended Palmer School and on the night of the burglary he had been visiting a girl, Joyce Hudson, who lived at the Snug Harbor housing project located behind the school. He was walking home alone when Officer Smith started chasing him. He further stated that he saw a black man running in front of Officer Smith and he jumped the fence surrounding the school and disappeared. He denied that he burglarized the Palmer School.
Appellant had previously been convicted of burglary in the second degree. That conviction was in 1976.
Appellant’s intent to commit a theft of property was properly inferred by the jury from the evidence that this 23-year-old man was seen climbing out of the window of a closed and secured school building at night and ran when ordered to halt by a police officer. The evidence that audio-visual equipment had been collected from several classrooms throughout the school and laid outside the window from which appellant made his exit was more than circumstantial proof of his intent to steal the equipment. The jury could reasonably infer that if Officer Smith had not appeared at the crime scene and made known his presence appellant would have gathered the equipment and made his escape. There can be no reasonable doubt that appellant and his accomplice had stolen the equipment, placed it outside the window for convenience, and gone back inside the school for more equipment.
In Perry v. State, Ala.Cr.App., 407 So.2d 183, this court upheld a burglary conviction against Perry’s contention that the State failed to prove the defendant’s intent to commit a theft upon his entry into a store. This court held: “The breaking and entry at the time and under the circumstances shown by the evidence lead to a reasonable conclusion that the person breaking and entering the store intended to steal something therefrom.” See also Sullivan v. State, Ala.Cr.App., 340 So.2d 878.
The circumstances in the case before us, the attempted flight of appellant and the accumulated audio-visual equipment outside the window all point to the conclusion that appellant intended to steal the equipment.
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.