BOWEN, Presiding Judge.
Jerome Rivers was convicted of second degree burglary and was sentenced to 15 years’ imprisonment as a habitual offender. On this appeal from that conviction, the appellant argues that the indictment is void and that the evidence is insufficient to support the verdict of the jury.
In this particular case, both of these issues are interconnected and must be viewed in the context in which they were presented at trial.
The indictment charged, in pertinent part, that the appellant “did knowingly enter or remain unlawfully in a lawfully occupied dwelling house of Otis Welch with intent to commit a theft or a felony therein.” CR. 6 (emphasis added). There were no pretrial motions challenging the sufficiency or validity of the indictment.
At trial, the State presented a prima facie case of unlawful entry with the intent to commit sexual abuse. The State proved that the appellant unlawfully and without authority entered a residence and placed his hand under the dress and upon the leg of a sleeping 11-year-old girl. There was no evidence that the appellant’s intent was to commit a theft. The appellant presented an alibi defense.
After the State had presented its ease at trial and rested, defense counsel requested a judgment of acquittal. That motion was based on the two grounds. The first ground was that there had been no evidence of any theft or attempted theft. The second ground was stated by defense counsel as follows:
“Further, [the indictment] alleges another felony. I don’t believe that the testimony that has been given by the people that were in the house at the time ... gives any evidence that rises to the elements required for the commission or attempted commission of a definable felony. And that being the case, we would respectfully request that the court enter an order for judgment of acquittal of this defendant.” R. 123-24.
In response, the State argued that there was evidence that the appellant unlawfully entered the house with the intent to commit rape or sexual abuse. Defense counsel replied that the testimony of the 11-year-old victim was not credible and that the evidence of the appellant’s intent to commit rape or sexual abuse was insufficient:
“[T]here’s [not] enough evidence before the court to determine what that intent is as far as rising to the intent to commit a felony as we’ve discussed here as to rape or sexual abuse or sexual contact.... I don’t think that anywhere approaches a rape or sexual abuse as regards to the elements of a felony.... I would say that this does not rise to the intent necessary to commit a definable felony for an underlying charge.” 126-28.
The trial court then overruled the appellant’s motion for a judgment of acquittal without comment. Only then did defense counsel challenge the sufficiency of the indictment. At that time, defense counsel made a motion to quash the indictment
“in that an indictment for burglary must set forth and define the crime intended to be committed, ... in that in this indictment, it’s charged that or alleged that this defendant had the intent to either; number one, commit a theft, of which there’s absolutely no proof; or number two, a felony. That felony is not defined. We have discussed it in our motion for judgment of acquittal. It’s been alluded to but it’s not been defined in the indictment, and we think that the law requires more specif *213 ic wording in the indictment to inform this defendant exactly what he’s being charged with. And we would ask the Court on the basis of that to quash the indictment at this time.” R. 128-29.
The prosecutor argued that the indictment “has not heretofore been objected to and it is one which at this point in the proceedings any objections to would have been waived by going forward and announcing ready in this case and it is adequate.” R. 129. The tonal court responded: “Certainly your objection to the indictment should have been had at the beginning of the trial. And I’ll have to overrule that motion at this time.” R. 129.
After the defense presented its ease and rested, defense counsel merely “renew[ed] those motions we made at the close of the State’s case.” R. 151. At the “charge conference,” defense counsel objected to the trial court’s statement that it would instruct the jury on the offense of sexual abuse in the first degree only on the ground that “the State has failed to prove any intent of an underlying felony, either a theft or any other felony, for that matter.” R. 156-57. The trial court instructed the jury on the felonies of theft and sexual abuse in the first degree. Defense counsel announced “satisfied” -with the oral charge of the trial court. R. 181. The jury found the appellant “guilty of burglary in the second degree as charged in the indictment.” R. 182. In his motion for a new trial, the appellant alleged that “the indictment in this case was void for lack of specificity. The State failed to set forth and define the felony intended to be committed by the Defendant.” CR. 17.
I.
Clearly, the State presented a prima facie case of unlawful entry with the intent to commit the criminal offense of sexual abuse by proving that the appellant entered the residence without permission and by the use of fishing knife and that once inside the house he placed his hand under the dress and upon the leg of a sleeping female child. “[Wjhere the state makes out a prima facie case presenting uncontroverted evidence that a possible crime has been committed by the accused, a trial judge may allow the case to go to a jury to consider all the circumstances and evidence submitted to them. McCall v. State, 262 Ala. 414, 79 So.2d 51 [ (1955) ], and authorities cited. And, in appropriate eases, whether or not the crime be consummated, the question of intent is always a jury question.” Hamilton v. State, 283 Ala. 540, 546, 219 So.2d 369, 374 (breaking and entering with intent to ravish), cert. denied, 396 U.S. 868, 90 S.Ct. 134, 24 L.Ed.2d 121 (1969). In a prosecution for burglary, the intent of the defendant “must be inferred by the jury from a due consideration of all the material evidence.” Hawkins v. State, 247 Ala. 576, 578, 25 So.2d 441 (1946) (“[tjhis was a matter which the jury should have considered in determining whether or not the circumstances were such as to impress them beyond a reasonable doubt that defendant entered the home of [M.D.] on the occasion complained of with the intent to steal, or for the purpose of having illicit relations with her”). Here, the intent of the appellant can be inferred from his act in touching the victim. In Nails v. State, 549 So.2d 572, 574 (Ala.Cr.App.1989), this Court held that in a prosecution for unlawful entry with the intent to commit sexual abuse, the appellant’s intent could be inferred from the evidence that the appellant “touched the middle part of [the victim’s] leg and pulled her legs apart.” See also Cliatt v. State, 348 So.2d 509 (Ala.Cr.App.1977).
II.
The indictment in this ease was voidable but not void. The indictment charged in the alternative the intent “to commit a theft or a felony therein.” R. 6.
“[A]n indictment for burglary must set forth and define the crime intended to be committed. See Coleman v. State, 443 So.2d 1355, 1358 (Ala.Cr.App.1983); Cliatt v. State, [348 So.2d 509 (Ala.Cr.App.1977)]; 13 Am. Jur.2d Burglary § 36. As a general rule, the use of broad terms such as ‘intent to commit a felony’ is not sufficient, for the particular felony must be specified.” Popwell v. State, 480 So.2d 41, 45 (Ala.Cr.App.1985). However, here, the indictment tracked the language of the statute and did state an offense. See Mason v. State, 42 Ala. 543 (1868).
*214 The general rule is that where one of the alternative charges of an indictment is good, a defendant who goes to trial without testing the sufficiency of the indictment by proper objection may not complain that the indictment is insufficient. Smith v. State, 218 Ala. 427, 428, 118 So. 595, 596 (1928). See State v. Collins, 200 Ala. 503, 503-04, 76 So. 445 (1917). See also Thomas v. State, 248 Ala. 415, 416, 27 So.2d 793 (1946) (in the absence of a proper objection, an indictment containing an alternative charge stating no offense will support a conviction of an alternative charge which does state an offense).
Here, the motion to quash was filed after the appellant had pleaded to the indictment and after the State had presented its ease at trial. The motion was untimely. Wesley v. State, 424 So.2d 648, 649 (Ala.Cr.App.1982). “Objections based on defects in the ... charge, other than lack of subject matter jurisdiction or failure to charge an offense, may be raised only by pre-trial motion as provided in Rule 15.3.” Rule 15.2(a), A.R.Crim.P. “Failure to present any objection ... as provided in section (a) ... constitutes a waiver thereof.” Rule 15.2(c). Although “the failure of the charge to state an offense may be raised by the court or by motion of the defendant at any time during the pendency of the proceeding,” Rule 15.-2(d), here the indictment did state an offense. See Minshew v. State, 542 So.2d 307, 313 (Ala.Cr.App.1988) (“[sjection 15-8-50, therefore, would permit the disjunctive averment that defendant entered the residence with the intent to commit the crimes of menacing or harassment or assault”) (emphasis in original). Compare Barbee v. State, 417 So.2d 611 (Ala.Cr.App.1982).
“The complaint was defective, in that one of the alternative averments failed to charge any offense known to the law, and the law is that where the offense is charged by several alternative averments, each averment must state a complete and substantive offense. The defect in the complaint was waived, however, by defendant’s plea.”
Gilbreath v. State, 23 Ala.App. 162, 162-63, 122 So. 309, 310 (1929). “[Wjhen disjunctive averments appear in an indictment or information with one or more averments constituting a correct charge of a public offense, the failure to question in the trial court the invalidity of a patently bad allegation is treated as a waiver of the defect and a general verdict will be deemed referable to the correct averments.” Smith v. State, 40 Ala.App. 210, 212, 113 So.2d 186, 188, cert. denied, 269 Ala. 699, 113 So.2d 188 (1959).
“It is clear that most objections to criminal charges must be raised before trial. The exceptions are for objections based upon lack of subject matter jurisdiction and failure to charge an offense. Those two objections can be raised ‘by the court or by motion of the defendant at any time during the 'pendency of the proceeding.’ (Emphasis added). Temporary Rule 16.-2(d) (now Rule 15.2(d)). ‘Pendency of the proceeding’ obviously refers only to the proceeding in the trial court....”
Ex parte Harper, 594 So.2d 1181, 1191-92 (Ala.1991) (emphasis in original) (footnote omitted), cert. denied, — U.S. -, 113 S.Ct. 330, 121 L.Ed.2d 248 (1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.