ALMON, Justice
(dissenting).
I respectfully dissent from the majority’s denial of the petition for writ of certiorari. I think the trial court should have granted Rivers’s motion to quash the indictment.
The indictment charged Rivers with burglary in unlawfully entering a dwelling “with intent to commit a theft or felony therein.” The State presented no evidence of intent to commit a theft, but it did present evidence of intent to commit a sexual offense. After the State’s case, Rivers moved for an acquittal on the grounds that there was no evidence of intent to commit theft and insufficient evidence of intent to commit sexual abuse or any other “definable felony.” The trial court denied that motion, and Rivers then made a motion to quash the indictment because, his attorney said:
“[The indictment alleges that he entered with] the intent to either: number one, commit a theft, of which there’s absolutely no proof; or number two, a felony. That felony is not defined.... [W]e think that the law requires more specific wording in the indictment to inform this defendant exactly what he’s being charged with.”
Rivers v. State, 624 So.2d 211 at 212 (Ala.Cr.App.1993). I think the motion to quash should have been granted.
The Court of Criminal Appeals correctly notes that an indictment for burglary must set forth and define the crime intended to be committed and that “the use of broad terms such as ‘intent to commit a felony’ is not sufficient, for the particular felony must be specified.” 624 So.2d at 213. The opinion then states:
“The general rule is that where one of the alternative charges of an indictment is good, a defendant who goes to trial without testing the sufficiency of the indictment by proper objection may not complain that the indictment is insufficient.”
624 So.2d at 214. For this proposition, the opinion cites Smith v. State, 218 Ala. 427, 118 So. 595 (1928); State v. Collins, 200 Ala. 503, 76 So. 445 (1917); and Thomas v. State, 248 Ala. 415, 27 So.2d 793 (1946). Those cases do stand for the proposition that a defendant may waive an objection to an indictment that charges in the alternative, with one alternative being insufficient. They are ambiguous, however, as to whether the objection must be made before trial or only before the case is submitted to the jury. Collins is the only case holding that there was, in fact, a bad alternative count or averment. The Court affirmed on the ground that the objection was not “appropriately raised in the trial court.” 200 Ala. at 503, 76 So. at 445. The court in Collins quoted Hornsby v. State, 94 Ala. 55, 10 So. 522 (1892), which seems to contemplate that the objection can be made any time before submission to the jury: *216 Collins, 200 Ala. at 503, 76 So. at 445, quoting Hornsby.
*215 “ ‘[W]hen a count is in the alternative, with some of the averments good, and others charged in the alternative are bad, and no objection is taken to the indictment, a general verdict will be referred to the good averments, and a judgment on conviction will be sustained. Under any other rule no attorney of any skill would interpose a demurrer or other objection when an indictment was defective, by reason of having bad counts or insufficient averments. He would simply take the chances of acquittal, and, failing in this, would move in arrest of judgment, and thereby secure the discharge of the defendant, or a new trial. To sustain a judgment of conviction, there must be a good count in the indictment; or, if there is but one count containing charges in the alternative, there must be one or more good and sufficient aver-ments.’ ”
*216 Both Smith and Thomas, supra, held that both of the alternative counts were good, and they then cited Collins for a “moreover” holding that any objection was untimely. According to the reporter’s notes in Smith, Smith claimed that the trial court should have required the State to elect which count to proceed under. The Court responded to this argument by stating: “The finding by the Court of Appeals, that the question of election was not presented on the record, is a finding of fact, which will not be reviewed on certiorari.” 218 Ala. at 428, 118 So. at 596. Thomas gives no indication whether the point was first raised on appeal, after the verdict, or during the trial.
Thus, none of the eases cited above stands squarely for the proposition that a motion to quash an indictment due to a bad alternative count or averment must be made before trial, or before entering a plea, or at any other initial stage. Collins seems to allow an objection during the trial, and the rationale of Hornsby certainly would.
The Court of Criminal Appeals also cites Minshew v. State, 542 So.2d 307 (Ala.Cr.App.1988), but that case holds only that an alternative indictment was proper, giving Min-shew notice that the State would attempt to prove that he entered or remained in the dwelling with intent to commit “menacing or harassment or assault”; there was no contention that any of those averments were bad. The opinion also cites Smith v. State, 40 Ala.App. 210, 212, 113 So.2d 186, 188 (1959) cert. denied, 269 Ala. 699, 113 So.2d 188 (1959), which states that “the failure to question in the trial court the invalidity of a patently bad allegation is treated as a waiver of the defect and a general verdict will be deemed referable to the correct averments,” citing Collins and other cases; Smith pleaded guilty, apparently without first challenging the insufficient allegation. Finally, the opinion cites Gilbreath v. State, 23 Ala.App. 162, 163, 122 So. 309, 310 (1929), which is the strongest case in support of the holding below: “The defect in the complaint was waived, however, by defendant’s plea.” For the reasons stated below, however, I would not deny the writ on the authority of Gilbreath. 94 Ala. at 63, 10 So. 522.
More important than the question of whether an objection must be made before trial or before verdict is the fact that none of the cited cases presented a situation where there was no evidence on the only good count or averment. In each of the above-cited eases, the evidence was sufficient to support a conviction on the good count or averment. As Hornsby says, “a general verdict will be referred to the good averments.” 94 Ala. at 63, 10 So. 522.
Here, the “good” averment was the averment of an “intent to commit theft,” and the verdict is not referable to that averment. If the State had presented evidence that Rivers had intended to commit a theft, I might well agree that he waived any challenge to the sufficiency of the indictment by not raising the challenge earlier. At the time Rivers was making the motion to quash, however, the trial court should not have considered the averments as alternative, but should have disregarded the theft averment as unsupported. The trial court should not have submitted the case to the jury with an instruction concerning entry with intent to commit theft. See the opinion of the Court of Criminal Appeals, 624 So.2d at 212, “There was no evidence that the appellant’s intent was to commit a theft,” and 624 So.2d at 213, “The trial court instructed the jury on the felonies of theft and sexual abuse in the first degree.” Discarding the theft allegation, the court should then have considered only whether the averment of unlawful entry with “intent to commit a felony” was sufficient to charge an offense. Clearly, it was not.
Under this view of the case, the motion should have been granted. Rule 15.2(a), Ala. R.Crim.P., provides:
“Objections based on defects in the commencement of the proceeding or in the charge, other than lack of subject matter jurisdiction or failure to charge an offense, may be raised only by pre-trial motion as provided in Rule 15.3.”
(Emphasis added.)
At the time Rivers made his motion to quash the indictment, the lack of proof on the *217 theft averment was manifest. Thus, the sufficiency of the indictment should have been tested by the only remaining averment, “intent to commit a felony.” That averment was insufficient to charge an offense, and the indictment should have been quashed.
My conclusion on this issue is not based on a mere formality. One of the most basic principles of due process of law in criminal cases is that a defendant is entitled to notice of the charges against him. The indictment under which Rivers was charged gave him notice that he was charged with illegal entry to commit theft. The indictment required him to defend against only that charge. When the state offered no evidence in support of that charge, the court should have granted Rivers’s motion for a judgment of acquittal on that charge. The indictment did not give fair or effective notice that he would be tried for burglary with the intent to commit any felony other than theft. After the properly charged offense was not proved, the indictment should have been quashed. Instead, the court submitted the case to the jury for it to consider an offense with which Rivers had not been charged. This was a fundamental infraction of Rivers’s right not to be deprived of liberty without due process of law. I respectfully dissent from the denial of the petition for writ of certiorari.
HORNSBY, C.J., and SHORES, J., concur.