### BOATWRIGHT v. THE STATE.

By the act of November 12th, 1889, a brief of the evidence, as well as the application for a new trial, is required to be filed within

91   13
106  180

91   13
111  889

91   13
f127  453

thirty days after the trial, except in extraordinary cases. When the time is extended by special leave and order of the court, the court, even if it has discretion so to do, is not bound, after the period thus granted has expired without the order having been complied with, to allow the brief to be filed nor to entertain the motion, or any part of it, without a brief. As the statute is imperative, not mentioning any excuse whatever, it contemplates that the movant can and must comply with its terms, irrespective of whether the official stenographer of the court has written out his report of the evidence or not. And hence the stenographer's omission or failure so to do is no legal reason for delaying the filing beyond the time granted by the court's special order; certainly not, unless that reason is, under all the circumstances, satisfactory to the presiding judge. Acts 1889, p. 83. It follows that, where a case was tried on May 17th, a motion for a new trial made on the 18th, and a special order granted on May 20th allowing thirty days to file the brief and amend the motion, it was too late on July 5th to file the brief. This being so, it was not error to dismiss the motion on the day last mentioned, and to deny an order then applied for to extend the time for filing the brief and amending the motion from the expiration of the previous order to that day.                                    *Judgment affirmed.*

October 8, 1892.

Before Judge SWEAT. Glynn superior court. May term, 1892.

Boatwright was found guilty of voluntary manslaughter on May 17, 1892. On the next day he filed a motion for a new trial. A rule *nisi* issued, and service was duly made. On May 20, he applied for and was granted an order allowing him thirty days within which to prepare a brief of evidence and an amendment to the motion. On May 28, the court took a recess until July 5, with the announcement that the term would remain open during the interval for all purposes except the trial of causes. On July 5, the movant tendered an amended motion and a brief of the evidence, and moved that the court extend the time given by the previous order, and he be then allowed to file the brief and amendment, his counsel stating that before the thirty days had expired he applied several times to the official stenographer for the evidence from which to prepare a

brief of the same, as he could not from memory make one, the greater portion of the evidence having been written or documentary and being in the possession and custody of the stenographer, who had assured counsel that he would make every effort to have the evidence ready before the time expired, but it was not filed or furnished or accessible to counsel until June 23, and then only in detached parts; and that as soon as counsel got the record of the evidence and the charge of the court, he at once prepared the brief and drew the amended motion. The court declined to allow this motion, and sustained a motion to dismiss the motion for a new trial, because no brief of the evidence had been filed or offered before the expiration of the thirty days.

WALTER A. WAY, by brief, for plaintiff in error.

W. G. BRANTLEY, solicitor-general, by brief, *contra*.