## STATE OF IOWA v. A. C. FINNEY, Appellant.

**Obstructed Highway:** INDICTMENT—DUPLICITY. Under Code, section 4089, declaring the "obstructing or incumbering," by buildings, of the public highways, to be nuisances, an indictment averring that defendant did "obstruct and incumber," charges but one offense.

*Same.* . Neither does it charge more than one offense, by averring the obstruction by constructing and maintaining a building on the "highways and streets."

SUFFICIENCY OF DESCRIPTION. It is enough to aver that the streets obstructed were those of a certain town, without designating the particular street or streets.

NEEDLESS AVERMENT. Nor need the indictment state whether or not the town is incorporated.

*Appeal from Page District Court.*—HON. N. W. MACY, Judge.

### SATURDAY, OCTOBER 10, 1896.

INDICTMENT for maintaining a nuisance. Verdict of guilty, and a judgment, from which the defendant appealed.—*Affirmed.*

*T. E. Clark* and *George E. Miller* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

GRANGER, J.—The only questions are, as to the sufficiency of the indictment, of which the following is the charging part: "The said A. C. Finney, on the twenty-second day of October, in the year of our Lord one thousand, eight hundred and ninety-five, in the county aforesaid, did criminally obstruct and incumber, by constructing and maintaining a building, in, and upon, the highways and

streets of the town of Hepburn, in the county of Page, in the state of Iowa, contrary to law." It is said, that the averments are not intelligible to the common understanding, and we are asked to determine, from the language used, whether the intention is to charge an obstruction or an incumbrance, and it is said, that the indictment charges, that the defendant "obstructed or incumbered" the highway. The difficulty is, likely, with the mistaken reading of the indictment. It charges that the defendant did obstruct and incumber the highway, and, thus understood, it is, for the purpose of testing the sufficiency of the indictment, immaterial whether the highway was obstructed or incumbered,—if there is a practical difference,—for with either, the nuisance exists, and the form of pleading is usual where offenses are defined in that way. The statute is, that "the obstructing or incumbering by fences, buildings, or otherwise, the public highways, * * * are nuisances." Code, section 4089. The offense is charged as having been committed in both ways, and a proof of both, or either, fixes the offense. However done, it was but one offense.

II. It is thought that the indictment is defective because it does not designate the particular street or highway. The offense is laid in the town of Hepburn, and the obstruction or incumbrance is a building upon its highways or streets. The offense in no way depends upon the particular locality in the town, but it is completed if the fact exist in any part of the town. In *State v. Waltz*, 74 Iowa, 610 (38 N. W. Rep. 495), the question of sufficiency of statement in an indictment for nuisance, in maintaining a place for the sale of liquors, is considered, and it is there said: "It appears to be the settled rule of the books that such an indictment is sufficient unless the locality in which the act causing or creating the nuisance

is a necessary ingredient of the crime, in that the act would not cause the nuisance if done elsewhere, or is essential to the identity of the crime, or the nuisance is to be abated on conviction of the accused." Some authorities are cited in support of the rule. These authorities do not make the rule applicable alone to liquor nuisances, as appellant seems to think. The indictment as to the particular question under consideration is within the rule of that case. It is thought that the indictment should state whether the town of Hepburn is incorporated or not. This is not a material fact, for the same reasons that control the point as to particular locality. Our law recognizes incorporated and unincorporated towns, and both have streets and public highways, and the offense charged is not dependent for its identity or sufficiency on the kind or character of the town.

III. It is said that the indictment charges more than one offense, because it charges the constructing and maintaining of the building "in and upon the highways and streets" of the town. It charges the construction of but one building, and a building may be so constructed as to obstruct the streets of a town, and, if so, it would be a nuisance. The evidence is not in the record, and as far as we can know, the averment may be literally true. The judgment is AFFIRMED.