## BREWER v. NEW ENGLAND MORTGAGE SECURITY CO.

ATKINSON, J. Under the facts disclosed by the record and which are summarized in the official report, there was no abuse of discretion in refusing to continue the hearing of the motion for new trial on account of the illness of movant's counsel, nor upon the ground that counsel had not had sufficient notice of the time and place of hearing. Nor was it an abuse of discretion for the trial judge to dismiss the motion for new trial upon the ground that no legal brief of evidence had been presented for approval. See, in this connection, Civil Code, §§ 5484-5; *Lambert Hoisting Engine Co.* v. *Bray*, 127 *Ga.* 452 (56 S. E. 513); *Newman* v. *Malsby*, 99 *Ga.* 627 (25 S. E. 851).

*Judgment affirmed. All the Justices concur.*

Submitted January 16,—Decided June 9, 1908.

Motion for new trial. Before Judge Bartlett. Polk superior court. December 21, 1906.

On the trial of a claim case, in which the New England Mortgage Security Company was plaintiff in fi. fa. and Sanders, as administrator, was defendant in fi. fa. and Brewer was claimant, a verdict was rendered at the February term, 1906, of the superior court of Polk county, finding the property subject. The claimant, by counsel of record,—Janes & Hutchens, Blance & Tison, and Bunn & Bunn,—filed a motion for new trial, upon the general grounds. A rule nisi was issued on March 12, returnable August 27, 1906, the first day of the August term of court, at Cedartown, Ga., wherein it was provided, among other things, that "movant have until the hearing to file a brief of evidence." At the same time the judge granted a separate order, providing: "If for any reason said motion is not heard and determined at the time and place above fixed, it is ordered that the same shall be heard and determined at such time and place in vacation as counsel may agree upon, and, upon failure to agree, then at such time and place as

the presiding judge may fix, on the application of either party; of which time and place the opposite party shall have at least five days' notice. If for any reason this motion is not heard and determined before the beginning of the next term of court, then the same shall stand on the docket until heard and determined at said term or thereafter. It is further ordered that the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation, and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined."

The motion for new trial was not heard at the time specified in the rule nisi, but on December 29, 1906, the judge passed an order as follows: "The above-stated motion having been set for a hearing at chambers at Dallas to-day, of which movants had written notice in conformity with the terms of the order granted in term time, and the place of the hearing having been changed by order of the judge to Cedartown, Ga., the home of movant's attorneys, of which the latter had due and legal notice, and movant not having presented a brief of evidence for approval when said motion was called for hearing, it is ordered by the court that said motion be set for hearing at Dallas, Paulding county, at 12 o'clock M. Monday, Dec. 31, 1906." It appears from the order of dismissal hereinafter set out that the order just recited was granted in open court. When the motion came on for hearing at chambers in Dallas, Ga., December 31, the movant appeared by counsel, G. R. Hutchens, and moved for a continuance, upon the grounds, (a) that neither the movant nor his attorney had the notice required by law that the motion for a new trial would be heard or fixed for hearing on December 29, 1906, or on December 31, 1906; and (b) that C. G. Janes, who was leading and sole counsel for the movant, was sick and unable to attend trial and take part therein, and that Hutchens appeared only to represent Janes, and only for the purpose of making a motion to continue the case. In support of the motion to continue, affidavits were submitted, tending to show that Janes and Hutchens were partners in the practice of

law, but that Hutchens had never been employed to represent this case; that he participated in the trial of the main case and appeared on the hearing of the motion for new trial, in behalf of the movant, but did so only out of courtesy to Janes, who was the movant's sole counsel. There was also evidence to the effect that the firm of Bunn & Bunn, and the firm of Blance & Tison, had retired from the case, and did not represent the movant, and that C. G. Janes was his sole counsel. There was also evidence to the effect, that, while Blance, as a member of the firm of Blance & Tison, had signed an acknowledgment of service of a notice to take up the motion for a new trial on December 29, as a matter of fact Blance & Tison did not represent the movant at that time, and that the acknowledgment of service was a mistake and unauthorized, and that Janes had not made any acknowledgment of service, nor did he have notice that the motion would be set for hearing on the 29th, and only casually learned late in the afternoon of the 29th that the case would be called for a hearing. There was also testimony to the effect that on the 29th and likewise on the 31st of December, Janes, the sole counsel, was sick and unable to appear in court and represent the movant. There was no testimony stating that the continuance was not made for delay only, or indicating when the movant would be ready for a trial. No brief of evidence was submitted for approval by the court, but it was stated in the affidavit by Janes generally, without specifying facts, that he was not guilty of laches in not presenting a brief of evidence, and that he had sufficient and legal answer to any charge or complaint of laches in regard to the brief of evidence, or any other thing in regard to the motion and its progress.

After the submission of the evidence stated, the judge orally announced his intention to overrule the motion to continue. Whereupon Hutchens, who, while appearing by courtesy for Janes, had made the motion to continue, offered for approval what he claimed to be a correct brief of the evidence. Opposing counsel insisted, that the paper presented was not a correct brief, and that it did not contain an abstract of certain documentary evidence, and was otherwise incorrect, and that it came too late. Mr. Hutchens conceded that there was no abstract of the documentary evidence. The judge thereupon overruled the motion to continue and declined to approve the brief of evidence. An order of dismissal of the mo-

tion for new trial was then granted, as follows: "The above-stated motion for new trial having been set for a hearing to-day at chambers, at Dallas, Ga., by an order previously granted in open court at Cedartown on the 29th inst., and no brief of evidence having been submitted for approval of the court, and it further appearing that counsel for claimant has been in possession of the full stenographic report of the evidence submitted at the trial, for more than eight months, and that no bona fide effort to prepare a brief of the evidence in the case for approval and filing, as required by law, has been made, it is therefore ordered by the court that said motion for new trial be and the same is hereby dismissed." The movant excepts to both rulings.

C. G. Janes and Bunn & Bunn, for plaintiff in error.

W. E. Simmons and Mundy & Mundy, contra.