### 4690.   GORDON *v.* THE STATE.

1. A recital in a bill of exceptions, to the effect that the trial judge refused to consider or to approve certain grounds of an amendment to the motion for a new trial, presents nothing for the consideration of the Court of Appeals.

2. The incriminatory circumstances introduced in evidence by the State were sufficient to exclude every reasonable hypothesis except that of the defendant's guilt, and authorized the jury to convict him of the offense of gaming. And as there is no complaint of any error of law upon the trial, the trial judge did not err in overruling the motion for new trial.

DECIDED MAY 20, 1913.

Accusation of gaming; from city court of Statesboro—Judge Strange. January 20, 1913.

*F. B. Hunter, J. B. Kirkland,* for plaintiff in error.

*Fred. T. Lanier, solicitor,* contra.

RUSSELL, J. 1. It is recited in the bill of exceptions that his honor Judge Strange "refused to allow the amended motion, or to consider the two grounds contained in the same, which said disallowance and refusal Joe Gordon now assigns as error." The two grounds of the amendment referred to are sent up in the record, and it appears that the reason given by the judge for his refusal to allow the amendment or to approve the grounds thereof was that the grounds as stated were conclusions of fact and argumentative.

If the question were properly presented, we would have no hesitation in holding that the judge properly disallowed the amendment, for the reason stated by him; but nothing is better settled as to motions for new trial than that a court of review can only pass upon such assignments of error therein as are contained in grounds which have been expressly approved. It is elementary that assignments of error in a motion for new trial which are disapproved by the trial judge present nothing for the consideration of a court of review.

2. The only point argued in the brief of counsel for the plaintiff in error is that the evidence offered to show the guilt of the accused is wholly insufficient, and therefore that a verdict finding him guilty is contrary to law. In our opinion the verdict was fully authorized by the proof submitted in behalf of the State. It is true that the defendant introduced a number of witnesses who testified that he was merely a spectator and did not in any way participate in the unlawful game of cards which they admitted was in progress. But aside from the general rules which may or may not be controlling with juries in establishing the credibility of testimony, there was one undisputed circumstance, introduced on the part of the prosecution, which is wholly incompatible with the supposition of the defendant's innocence. The State proved that when the game of cards was interrupted by the arrival of the officers, the defendant immediately claimed, as his property, the money which was being used in the game, and on the trial he did not offer any explanation which would tend to show that his money was being used either for an innocent purpose or without his consent. He did not deny having made claim for the money.

The other circumstances introduced in behalf of the State, such as the proximity of the accused to those who were shown to be players in the game, and his interest in the proceedings, might have been insufficient to authorize a conviction (*Griffin* v. *State, 5 Ga. App.* 43, 62 S. E. 685); but the pregnant fact that he claimed the money that was being played for, taken in consideration with the other circumstances, when unexplained, was so incompatible with innocence as to fully authorize the verdict. *Judgment affirmed.*