# CHARLESTON.

## THE STATE v. GRANT LANTZ.

### Submitted April 4, 1922.          Decided April 11, 1922.

1. INDICTMENT AND INFORMATION—*Ordinarily an Indictment Charging Offense in the Language of the Statute is Sufficient.*

   Ordinarily, where a statute creating an offense contains a statement of all of the facts necessary to constitute it, an indictment charging such offense in the language of the statute is sufficient. (p. 739).

2. SAME—*Indictment Charging Violation of Speed Law Held Not Bad Because Failing to Charge Particular Place of Offense.*

   An indictment, charging a violation of a statute prohibiting the operation of motor vehicles upon certain parts of the public roads in excess of a certain speed, is not bad because it fails to charge the particular point or place at which the alleged offense was committed, the act charged to have been committed being a violation of the law if committed anywhere within the county. (p. 739).

3. CRIMINAL LAW—*A Statute Creating an Offense Should Define the Necessary Acts with Such Certainty that One May Know When he is Violating it.*

   An act of the Legislature creating a statutory offense should define the acts necessary to constitute such offense with

such certainty that a person may 'determine whether or not he has violated the law at the time he does the act which is charged to be a violation thereof.  (p. 741).

4.  CONSTITUTIONAL LAW—CRIMINAL 'LAW—HIGHWAYS—*Act Making it a Crime to Operate an Automobile Not Under Control Around Curve Held Invalid as Violative of the Due Process Provision of Constitution and Void for Uncertainty.*

An act of the Legislature making it a crime to operate an automobile around a curve on a public road without having the same under control, or without reducing the speed thereof to a reasonable and proper rate, is violative of sections 10 and 14 of article 3 of the Constitution of this State, and is void for uncertainty and indefiniteness.  (p. 741).

Certified Questions from Circuit Court, Barbour County.

Grant Lantz was indicated for driving and operating a motor vehicle around a curve without having the same under control and without reducing the speed to a reasonable and proper rate, and his motion to quash was overruled, and the questions certified.

*Motion to quash indictment sustained.*

*E. T. England,* Attorney General and *R. Dennis Steed,* Assistant Attorney General, for the State.

*J. Blackburn Ware,* for defendant.

RITZ, JUDGE:

The Circuit Court of Barbour County, having overruled a motion to quash an indictment charging that the defendant did drive and operate a motor vehicle, to-wit, an automobile around a curve in the public road of Union District, Barbour County, without having said automobile under control, and without reducing the speed to a reasonable and proper rate, certifies the questions arising upon such motion to this court.

The indictment is based upon provisions contained in §96 of ch. 112 of the Acts of the Legislature of 1921, the pertinent provisions being found in sub-section K and sub-section

P of said section 96.     The part of sub-section K material here is: "Upon approaching a sharp curve and in traversing such curve, a person operating a motor vehicle or motor-cycle shall have the same under control, and shall reduce the speed to a reasonable and proper rate."     Sub-section P makes it a misdemeanor to violate any of the provisions of said section 96, and provides punishment therefor.     The indictment charges that the defendant: "did unlawfully drive and operate a motor vehicle, to-wit, an automobile, around a curve in the public road, in Union District, in said Barbour County, and he, the said Grant Lantz, in traversing the said curve, with the said automobile aforesaid, did not then and there have the same under control and did not reduce the speed of the said automobile to a reasonable and proper rate, contrary to the statute in such cases made and provided, against the peace and dignity of the State."     Two objections are made to the indictment: the first, that it does not charge the offense with sufficient certainty; and the second, that the statute upon which the indictment is based, so far as it undertakes to create a criminal offense, is void.

It will be observed that the indictment in this case charges the offense in the language of the statute, and ordinarily an indictment for a statutory crime is sufficient if the offense be charged in the language of the statute creating it.     There are exceptions to this rule, it is true.     Where the language used in the statute creating the offense does not contain a statement of the facts which constitute the crime, then it is necessary to amplify the statutory language by stating in the indictment all pertinent facts necessary to constitute the offense.     The argument here is that this indictment is bad because it simply charges that the defendant operated his automobile around a curve in Union District in violation of the statute, without pointing out the particular curve around which he was operating  the automobile  at the time it is charged the offense was committed.     If the offense could only be committed at a particular place, then, of course, the place of its commission would become an essential element of the crime, and would have to be alleged, but in this case the statute undertakes to inhibit the operation of automobiles

at an unsafe speed around any curve upon any public road, so that the place in the county at which the offense is committed is not at all an essential element of the crime. The requirement of certainty in this character of indictment goes no further than to compel the pleader to state in the indictment all facts necessary to constitute the offense. If the party accused cannot prepare his defense because of lack of information or particularly in the averments he may demand a bill of particulars, and upon a proper showing the prosecuting attorney will be required to furnish him the same. We are of opinion that inasmuch as the offense attempted to be charged in this case is complete, no matter where committed in the county, the indictment is not bad because it does not specify or describe the particular curve upon which the automobile is claimed to have been operated in violation of law. *State* v. *Sneed,* 16 Lea (Tenn.) 450; *Matthews & Buzzard* v. *The State,* 25 Ohio 536; *State* v. *Buxton,* 31 Ind. 67; *State* v. *Finney,* 99 Iowa 43; *State* v. *Buchanan,* 32 R. I. 490, 79 Atl. 1114; *White* v. *State,* 82 Tex. Criminal App. 274, 198 S. W. 964.

A more serious objection to the indictment is that based upon the unconstitutionality of the statute so far as it undertakes to make the conduct interdicted a criminal offense. It is insisted that the definition of the offense in the statute is so indefinite and uncertain as to make it void because in violation of § 10 of article 3 of the Constitution forbidding anyone to be deprived of life, liberty or property without due process of law; and § 14 of the same article, which requires, among other things, that in all criminal trials the accused shall be fully and plainly informed of the character and cause of the accusation against him. The argument is that the language used in the statute undertaking to create this offense is so indefinite and uncertain that to allow one to be convicted under its terms would be to deprive him of liberty or property without due process of law, and also without informing him of the nature of the accusation against him. It is a fundamental principle of our jurisprudence that a statute creating a crime must be so certain and definite that one committing an act forbidden can tell when he does so that he has

violated the law. Now, it will be observed that this statute forbids operators of automobiles from operating the same around curves without having them under control and without reducing the speed to a reasonable and proper rate. Who is to determine when the automobile is under control in going around a curve in a particular case, or whether the speed at which it is operated is reasonable and proper? This cannot be left, of course, to the judgment of the operator, for that would result in a practical annulment of the statute. The court and jury trying the case, if the statute be upheld, would, of course, have to determine whether the automobile was under control, and whether the speed was reasonable and proper in each particular case. Nobody would know until after a trial was had and a judgment rendered what the law was. No man in driving an automobile around a curve would have any criterion by which he could determine at what speed the same might be operated without committing a violation of the criminal law. The judgment of each particular jury would be the criterion which would have to be observed, and this judgment cannot be ascertained until after the alleged offense has been committed. To state the case in another way, it may be said that the Legislature has not created an offense at all. It has not exercised its legislative power, but has attempted to cast the same upon the courts and jurors in this class of cases. It is equivalent to saying that the law governing the operation of automobiles around curves on public roads shall be declared by the courts in cases coming before them, and if you operate your automobile around a curve at a rate of speed which a jury thinks is unsafe you are guilty of an offense. The court and jury create the offense. They say what shall be necessary to constitute the offense instead of confining their inquiry to whether or not the accused party has done something forbidden by the Legislature. The jury in such a case as this would have to determine: first, what the law is, or rather would have to make the offense; and then, after doing this, their inquiry would extend to the further question, whether the party accused committed the act which they set up as the law in the case. And not only is it in effect a delegation to the courts of legislative power, but an

attempt to delegate to them power to pass *ex post facto* laws, · because the law governing in particular cases would not be ‚declared, or would not be known, until after the offense was actually committed.　We are very clearly of the opinion that the Legislature, in creating a statutory crime, must define the same with sufficient certainty to enable anyone to determine when he does an act whether or not it is interdicted by the statute; in other words, to enable him to tell whether he was acting rightfully or wrongfully at· the time he did the act.　If this statute should be upheld, there would be no uniform rule of conduct governing the operation· of ·automobiles upon curves in public roads.　There would be as many different standards as there would be different opinions among the juries and judges trying the cases as the same arise, and no man would ever know until after he was tried and convicted or acquitted upon the charge brought against him whether he had been guilty of an offense or not.　The Supreme Court of the United States in the recent case of *United States* v. *Cohen Grocery Company,* 255 U. S. 81, held unconstitutional a provision of the Food Control Act which made any person guilty of a crime who made an unjust and unreasonable rate or charge in handling or dealing in or with any necessaries, upon the ground that the same violated the fifth and sixth amendments to the Federal Constitution.　The provisions of these amendments substantially accord with the provisions of our bill of rights above adverted to.　The principle controlling in that case controls here.　A few other cases illustrating the principle are: *State* v. *Ashbrook,* 154 Mo. 375, ·77 Am. St. Rep. 765; *Augustine* v. *State,* 41 Tex. Crim. Rep. 59, 52 S. W. 77, 96 Am. St. Rep. 765; *Hewitt* v. *State Board of Medical Examiners,* 148 Calif. 590, 84 Pac. 39, 113 Am. St. Rep. 315; *Stoutenburgh* v. *Frazier* (D. C.) 48 L. R. A. 220; *Cook* v. *The State,* 26 Ind. App. 278; *Ex parte Jackson,* 45 Ark. 158; *United States* v. *Capital Traction Company,* 34 App. Cas. (D. C.) 592, 19 Am. & Eng. Anno. Cases 68; *Louisville & Nashville R. R. Co.* v. *Commonwealth,* 99 Ky. 132, 33 L. R. A. 2099; *Gordon* v. *State,* 12 Ga. App. 710, 78 S. E. 204; *Hayes* v. *State,* 10 Ga. App. 823, 75 S. E. 523; *Griffin* v. *State,*

· 86 Tex. Crim. App. 498, 218 S. W. 494; *People v. Beak,* 291 Ill. 449, 126 N. E. 201. Many more authorities might be cited, to the same effect, but these suffice to illustrate the principle controlling· in this case.

We are clearly of the opinion that the act is invalid so far as it attempts to make it a criminal offense to drive an automobile around a curve without having the same under proper control, or without reducing the speed to a reasonable and proper rate. The motion to quash the indictment should therefore have been sustained, and we answer the question certified accordingly.

*Motion to quash indictment sustained.*