48 So.2d 794

### KAHALLEY v. STATE.

1 Div. 417.

Supreme Court of Alabama.

Nov. 16, 1950.

Thos. F. Sweeney, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The constitutionality of Act No. 520, General Acts 1943, p. 487, codified as § 436(1), Supplement, Title 14, Code 1940, is brought under review. It reads: "Any male person who goes near and stares, gazes or peeps into any room, apartment, chamber or other place of abode, not his own or under his control, which is occupied by a female person or female persons, shall be guilty of a misdemeanor, and shall, on conviction be fined not more than five hundred dollars, and may also be sentenced to hard labor for the county for not more than one year, one or both, at the discretion of the court."

The case was first submitted in the Court of Appeals and that court, being of the opinion that the statute was unconstitutional, transferred the case to this court. Code 1940, Tit. 13, §§ 87, 98.

On a studious consideration, we entertain the same view. The act is so vague and uncertain as to be violative of the Fourteenth Amendment to the Federal Constitution. It is arbitrary and fixes no ascertainable standard whereby the public may be governed. It marks no line between lawfulness and criminality, condemning all acts alike of the kind specified and as applied, would affect innocent beings in the ordinary pursuits of life. It leaves open the widest conceivable inquiry, the scope of which no one could foresee and the results of which no one could foreshadow and adequately guard against.

In enacting a criminal statute, there is an obligation on the State to so frame it that those who are to administer it and those to whom it is to be administered may know what standard of conduct is intended to be required and legislation may run afoul of the due process clause because of a failure to set up any sufficient guidance to those who would be law-abiding, or to advise a defendant of the nature and cause of an accusation he is called on to answer, or to guide the courts in the law's enforcement. Musser v. Utah, 333 U.S. 95, 97, 68 S.Ct. 397, 92 L.Ed. 562; Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840; Cline v. Frink Dairy Co., 274 U.S. 445, 47

484

S.Ct. 681, 71 L.Ed. 1146; Connally v. General Construction Co., 269 U.S. 385, 46 S. Ct. 126, 70 L.Ed. 322; Champlin Refining Co. v. Corporation Commission, 286 U.S. 210, 52 S.Ct. 559, 76 L.Ed. 1062; Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117; United States v. L. Cohen Grocery Co., 255 U.S. 81, 89, 41 S. Ct. 298, 65 L.Ed. 516; A. B. Small Co. v. American Sugar Refining Co., 267 U.S. 233, 239, 45 S.Ct. 295, 69 L.Ed. 589; Smith v. Cahoon, 283 U.S. 553, 564, 51 S.Ct. 582, 75 L.Ed. 1264; State v. Goldstein, 207 Ala. 569, 93 So. 308; Woco Pep Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214.

A cursory inspection of the act, we think, will point up its deficiencies. Undoubtedly it was intended to serve a useful purpose and to bring to justice so-called "Peeping Toms." But, regrettably, the act sweeps within its influence conduct neither evil in nature nor detrimental to the public interest, which could not be proscribed as criminal. Many innocent situations might be conceived, such as the postman, endeavoring to deliver a letter or package, gazing or peeping in the window or door to see if anyone is at home; the iceman, seeking to deliver the ice at the back door, looks in to see if anyone is there; the laundryman or salesman or anyone going to a home not his own or under his control, whether to transact business or on a social visit, gazes in; or one gazing or peeping, or we might say looking, into a lighted window at night as he passes close by the house along the sidewalk; or one trying to be a good neighbor when he sees smoke or suspects fire or hears a scream or cry in the adjoining house, peeps in to see if help is needed; and so on ad infinitum, all of which acts and conduct could be brought within the punitive ban of this penal statute. It must be manifest that, as written, it could be an instrument of oppression and a tool of tyranny and is of that character of legislation that has been condemned as repugnant to the Fourteenth Amendment.

When a statute uses words of no determinative meaning and the language is so vague and indefinite not only as to punish acts clearly punishable, but conduct which cannot be punished, it will be declared void

for uncertainty. A state must so write its penal statutes as to be not so vague and indefinite as to permit the punishment of innocent acts and conduct which are a part of the right of every citizen to pursue, as well as acts evil in nature and affected with the public interest. Stromberg v. California, supra (U.S.); State v. Goldstein, supra (Ala.); State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527; State v. Lantz, 90 W.Va. 738, 111 S.E. 766, 26 A. L.R. 894; Lanzetta v. State of New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888; 14 Am.Jur., §§ 19, 22, 28, pp. 773 et seq.; cases cited supra.

The applicable law is thus stated in the leading case of Connally v. General Construction Co., supra: "That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. * * *" 46 S.Ct. 127.

No doubt the conduct of the defendant in the instant case was reprehensible. But it is not the accusation but the statute itself that prescribes the rule to govern conduct, and warns against transgression, and "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids." Lanzetta v. New Jersey, supra [306 U.S. 451, 59 S.Ct. 619]; Stromberg v. California, supra; Champlin Refining Co. v. Corporation Commission, supra; Lovell v. City of Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949.

We must and do hold the act to be void and the defendant will be ordered discharged from the instant prosecution.

Reversed and rendered.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.