*George P. Dillard, Hubert O. Edwards, Robert E. Mozley,* contra.

---

### 39758. GRAHAM v. THE STATE.

JORDAN, Judge. William B. Graham was tried and convicted in the City Court of Waycross on an accusation charging him with the offense of contributing to the delinquency of a minor. On March 29, 1962, the defendant filed a motion for new trial upon the usual general grounds and the court entered an order thereon setting the motion for hearing on May 18, 1962, it being provided in said order that movant might amend the motion at any time before final hearing and giving to movant until the hearing the right to prepare and present for approval the brief of evidence. On May 8, 1962, the defendant's counsel withdrew from the case and on May 16, 1962, the defendant pro se filed a written motion for continuance of the hearing set for May 18, 1962. Upon the hearing on May 18, 1962, the defendant through his present counsel made an oral motion for continuance, which motion was denied by the trial court. Subsequently, on the same date the trial court disapproved the defendant's brief of evidence (consisting of a carbon copy of the stenographic report of the

trial of said case, which was completed and filed in court on May 9, 1962, with certain portions thereof purporting to be immaterial questions and answers marked through with a lead pencil), and entered an order disapproving the defendant's amendment to his motion for new trial and dismissing the original motion for new trial. The defendant in his bill of exceptions assigns error on the order of the trial court dismissing the original motion for new trial and on the antecedent orders of the trial court denying his motion for continuance and disapproving the grounds of his amended motion for new trial. The bill of exceptions also contains direct assignments of error on an excerpt from the court's charge to the jury and on the denial of two motions for mistrial made by the defendant during the progress of the trial of this case. *Held:*

1. "A motion for a continuance of the hearing on motion for new trial is addressed to the sound discretion of the trial judge, and in the absence of a clear showing to the contrary, it will be presumed that such discretion was not abused. *Boatright v. State*, 91 Ga. 13 (16 SE 101); *McKoy v. Hardy*, 92 Ga. App. 525 (88 SE2d 708); *Digsby v. Johnson*, 82 Ga. App. 611 (61 SE2d 792)." *Whidby v. Feagins*, 103 Ga. App. 797, 799 (120 SE2d 661). The trial court in its order denying the defendant's motion for continuance having stated that the defendant failed to introduce any evidence or testimony in support of said motion for continuance and having otherwise failed to show the court any other good and sufficient cause in support thereof, it cannot be said under the circumstances of this case that the trial judge abused his discretion in denying the motion for continuance.

2. The assignment of error in the bill of exceptions on the order of the trial court disapproving the grounds of the defendant's amendment to his motion for new trial presents nothing for consideration by this court since the discretion of the trial judge to approve or refuse to approve the special grounds of a motion for new trial which contain recitals of affirmative fact is not subject to review. *Martin v. Mendel*, 10 Ga. App. 417, 422 (73 SE 620); *Gordon v. State*, 12 Ga. App. 710 (1) (78 SE 204); *Cannon v. Gaines*, 199 Ga. 277 (1) (34 SE2d 103).

3. The trial court having disapproved the brief of evidence tendered to it by the defendant on the date of the hearing

of the motion for new trial on the ground that the defendant had made no fair and bona fide attempt to brief the same as required by law, and there being no exception to said judgment, it cannot be said that the court erred in thereafter dismissing the original motion for new trial which contained the general grounds only. *Norred v. State,* 127 Ga. 347 (56 SE 464); *Brewer v. New England Mortgage Security Co.,* 130 Ga. 761 (61 SE 712). The act of 1947 (Ga. L. 1947, p. 298; *Code Ann.* § 70-301.1) did not eliminate the necessity of an approved brief of evidence where, as here, all the grounds of the motion for new trial required a consideration of the evidence. *Foster v. Jones,* 208 Ga. 320 (66 SE2d 743).

4. The defendant, having made and relied upon a motion for new trial as his mode of appeal and having excepted to the order of the trial court dismissing said motion, cannot seek review by direct assignment of error in his bill of exceptions of rulings made during the trial which could and should have been included in the motion for new trial as grounds thereof. *Crawford v. Wilson,* 142 Ga. 734, 739 (83 SE 667); *Columbia Loan Co. v. Parks,* 97 Ga. App. 76, 79 (102 SE2d 46). Accordingly, the remaining assignments of error in the bill of exceptions, which except to the denial of the defendant's motions for mistrial and to an excerpt from the charge of the court, cannot be considered by this court.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED JANUARY 28, 1963—REHEARING DENIED
FEBRUARY 11, 1963.

*Gibson & McGee, Lamar Gibson, J. C. McDonald,* for plaintiff in error.

*Joe Schreiber, Solicitor, C. Edwin Rozier, Assistant Solicitor,* contra.