25014.   SCOTT et al. v. THOMAS, Executor.

ARGUED JANUARY 14, 1969—DECIDED FEBRUARY 6, 1969—
REHEARING DENIED FEBRUARY 20, 1969.

*George P. Dillard, G. Douglas Dillard,* for appellants.
*Zachary, Hunter, Zachary & Bowden, William E. Zachary, Sr.,
William E. Zachary, Jr.,* for appellee.

ALMAND, Presiding Justice.   In March 1961, Claude E. Scott

and others, as heirs at law of Mrs. S. A. Scott, brought their equitable petition against Mrs. Cloia S. Thomas, a daughter of Mrs. Scott, to cancel two deeds executed by Mrs. Scott to Mrs. Thomas. One of the deeds was dated October 16, 1946, and the other June 2, 1958. They conveyed the same parcel of land. The alleged grounds for cancellation were: (a) the mental incapacity of Mrs. Scott at the time the deeds were executed, (b) fraud, and (c) the undue influence of the grantee, Mrs. Thomas.

On the third trial of the case (the two previous trials were reviewed by this court at 220 Ga. 317 and 221 Ga. 875), the jury returned a verdict in favor of the defendant, John P. Thomas, as executor of the estate of Mrs. Cloia S. Thomas. The plaintiff's motion for a new trial on the general grounds, as well as on 28 special grounds, was overruled. The appeal is from the order denying that motion. Error is enumerated on the overruling of the appellants' motion for new trial, and on 39 other grounds.

■ Grounds 6, 8, 9, 10, 11 and 12 complain that the court erred in confining the witnesses for the plaintiff who were testifying as to the mental capacity of Mrs. Scott, to the years 1946 and 1958, the years in which the deeds were executed.

Where a deed is sought to be canceled on the ground of lack of mental capacity on the part of the grantor to make a valid contract, this issue is determined by the condition of the grantor's mind at the time the deed was executed. In determining this issue, it is permissible to receive evidence as to the state of the grantor's mind for a reasonable period both before and after the time that the deed· was executed. *Pantone v. Pantone*, 206 Ga. 305 (2) (57 SE2d 77). It was not error to confine this opinion evidence to the years in which the deeds were executed.

■ Grounds 22, 23, 24, 25 and 26 complain of the admission into evidence of certain documents.

(a) Four of these were checks signed by Mrs. Cloia S. Thomas and payable to W. Fred Nash, Tax Commissioner, and marked for the taxes of Mrs. S. A. Scott for the years 1957, 1958, 1959, 1960 and 1961. They were identified by the daughter of Mrs. Thomas. They were properly admitted over the

objection that their execution had not been proven, and that the witness was not competent to testify because a transaction with a deceased person was involved.

(b) Five of the exhibits admitted were tax receipts for five years from the tax commissioner showing Mrs. S. A. Scott as the taxpayer. They were properly admitted over the objection that they had no probative value, and that there was higher and better evidence. Nor, as complained of in ground 21, did the court err in permitting the witness, the daughter of Mrs. Scott, to testify that her mother and father paid the taxes for the years shown on the receipts.

(c) Two of the documents admitted were receipts dated 1946, signed by Mrs. S. A. Scott, reciting that payments of $450 and $750, were made by Mrs. Cloia S. Thomas for 30 acres of land in Lot 182 of the 18th District of DeKalb County. The witness, a granddaughter of Mrs. Scott, identified her signature. It was not error to admit these receipts. All the witness did was to identify the signatures in the two papers. A transaction between the witness and the deceased was not involved.

■ (a) Enumeration 28 complains that the court erred in sustaining an objection to the following question asked of Dr. Pendegrass, a witness for the defendant on cross examination: "If they (two named doctors) have been treating this lady over a period of twenty years, they would be in a better position to reach an opinion on her mental capacity that you would, wouldn't they really?" It was not error to sustain the objection.

(b) The court did not err in confining the testimony of a witness for the plaintiff to the years 1946 and 1958 in giving his opinion as to the value of the land which was the subject matter of the deeds, they being the years in which the deeds were executed.

■ After the case had been submitted to the jury, they returned to the courtroom, and the foreman requested the court to recharge the jury on "the preponderance of the evidence." The court then read to them the charge that he had previously given relating to preponderance of evidence. When the court asked counsel for the plaintiff if he had any objection to the re-charge, counsel stated that the jury ought to be re-charged

with regard to the law that only slight evidence is needed to shift the burden of proof in cases of fraud and undue influence. The court replied that he had covered this phase of the case in the main charge, and the jury had not requested a re-charge on this issue.. Enumerations of error 38 and 39 assert error on the failure to re-charge the law regarding fraud and undue influence, and the shifting of the burden of proof.

Where the jury requests a re-charge by the court in one particular phase of the case, a re-charge in another need not be added to comply with their request. *Parker v. Ga. Pacific R. Co.,* 83 Ga. 539 (8) (10 SE 233). In giving a re-charge requested by the jury, the court is not bound to repeat all of the law favorable to the plaintiff. *Carrigan v. State,* 206 Ga. 707 (10) (58 SE2d 407); *Short v. State,* 140 Ga. 780 (9) (80 SE 8); *Sheppard v. Broome,* 214 Ga. 659 (4) (107 SE2d 219). In its main charge on the issue of fraud and undue influence, the court fully and correctly charged the law as to the fact that slight evidence of fraud and undue influence was sufficient to shift the burden of proof to the defendant. The request by the jury for a re-charge on preponderance of the evidence did not require a re-charge on the separate and distinct issue of fraud and undue influence. The court did not err in refusing the plaintiffs' request to re-charge the jury on this phase of the case.

We have examined the other enumerations of error, and find that they are without substance or merit and require no discussion.

The verdict of the jury is supported by the evidence, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating, absent due to illness.*