## 28478. SHOUSE v. THE STATE.

UNDERCOFLER, Justice. Harry Ray Shouse was convicted of kidnapping and sentenced to 20 years in prison. He appeals to this court because of the constitutional questions raised. *Held:*

1. The appellant contends that his motion for new trial should have been granted on the general grounds. We do not agree. We have carefully considered the evidence in this case. The general grounds of the motion for new trial are not meritorious.

2. The appellant contends that he was denied an impartial trial because he was not allowed to question the jurors after the verdict was reached as to whether public opinion influenced their decision.

There is no merit in this contention. The appellant had a right to challenge any juror put upon him for favor under Code Ann. § 59-705 and had the right to "inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstances indicating any inclination, leaning or bias which the juror might have respecting the subject-matter of the suit, or counsel or parties thereto, and religious, social and fraternal

connections of the juror." Ga. L. 1949, p. 1082; 1951, pp. 214, 215. It follows that the appellant had the right to ascertain the impartiality of the individual jurors prior to jury selection. However, jurors are not allowed to impeach their verdict under Code § 110-109.

3. The appellant contends that Code § 110-109 which allows affidavits of jurors to sustain but not to impeach their verdict is unconstitutional and that the trial court should have so held. He contends that this Code section prohibits him from questioning jurors as to prior statements which might show that they were not impartial and that it prohibits him from ascertaining whether the verdict of each individual juror was freely and voluntarily made. For these reasons he contends that Code § 110-109 denies him due process of law and an impartial trial as guaranteed by the State and Federal Constitutions. Code Ann. §§ 2-103, 2-105 and Code §§ 1-806, 1-815.

We do not agree with the appellant that Code § 110-109 is unconstitutional because it denies him due process of law or an impartial trial.

His contention that Code § 110-109 denies him due process of law because it prohibits him from ascertaining whether the verdict of each individual juror was freely and voluntarily made is without merit. When the jury returned the verdict, the appellant had an absolute right to have the jury polled and could have determined at that time whether the verdict returned was the verdict of each juror. *Blankenship v. State,* 112 Ga. 402 (37 SE 732). The record shows that the jury in this case was polled by the appellant.

His contention that Code § 110-109 is unconstitutional because it prohibits him from questioning the jurors as to prior statements which might show that they were not impartial is also without merit. The appellant had a right to determine the impartiality of the jurors when they were put on their voir dire (Code § 59-806) and could individually examine each juror under Code Ann. § 59-705 (Ga. L. 1949, p. 1082; 1951, pp. 214, 215).

4. The appellant objected to certain testimony given at the trial on the ground that it was "irrelevant and immaterial." His objection was overruled, and he contends that this was error.

In *Pippin v. State,* 205 Ga. 316 (6) (53 SE2d 482) it is stated: "An objection to the admission of evidence on the ground that it is 'immaterial and irrelevant' is not such an objection as it would be reversible error to overrule."

There is no merit in this contention.

5. The appellant contends that the trial court erred in overruling his objection to a certain witness reading from and testifying from his notes and in not allowing him to examine the notes and question the witness outside the hearing of the jury.

(a) Code § 38-1707 provides: "A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally shall speak from his recollection thus refreshed, or shall be willing to swear positively from the paper."

The appellant's argument that a witness may only refresh his memory or recollection from his notes is not meritorious. Code § 38-1707 specifically provides that a witness be allowed "to swear positively from the paper." *Cobb v. State,* 222 Ga. 733, 741 (152 SE2d 403).

(b) The appellant's contention that he should be allowed to examine the notes and question the witness outside the presence of the jury likewise is without merit. *Ellison v. Robinson,* 96 Ga. App. 882 (7) (101 SE2d 902).

6. The appellant contends that the trial court erred in overruling his objection to a witness' testimony that he recognized the voice of the appellant when he talked with him over the telephone. There is no merit in this contention. "A person may be identified by testimony based on the recognition of his voice. *Fussell v. State,* 93 Ga. 450 (2) (21 SE 97)." *Worthy v. State,* 184 Ga. 402, 407 (191 SE 457); *Henderson v. State,* 209 Ga. 238, 240 (71 SE2d 628).

7. After one of the witnesses had testified, the witness requested the court to allow him to make a statement regarding his reluctance to answer a certain question. The appellant objected to the statement on the basis that it was not in response to any propounded question. The trial court overruled the objection and allowed the witness to state that he had reluctantly answered the question because he desired to protect the chastity and reputation of his fiance and also because of the rights guaranteed to him under the Fifth Amendment.

We see no harm to the appellant in the statement made by the witness.

8. The evidence shows that the appellant stopped the vehicle in which the victim and three male companions were riding and, after calling city officials, took them to the jail. He took a wallet containing $40 from one of the men and when the wallet was later returned to the man, the $40 was missing. When this

evidence was introduced, the appellant moved for a mistrial on the basis that this evidence was inadmissible and prejudicial because it placed his character in evidence and because it was evidence of another offense.

In *Floyd v. State,* 143 Ga. 286 (2) (84 SE 971) this court held: "Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae." Also *Williams v. State,* 223 Ga. 773 (1) (158 SE2d 373); *Fuller v. State,* 228 Ga. 546 (1) (186 SE2d 888).

The motion for mistrial was properly denied by the trial court.

9. The appellant contends that the trial court erred in allowing the victim to testify over objection why she had not brought her birth certificate to the trial. The witness testified that she did not bring it to the trial because she did not think it was necessary. The appellant objected to this testimony on the basis that this called for an opinion of the witness.

We do not agree. The trial court properly overruled the objection since the witness did not give an opinion but testified to the facts about the birth certificate.

10. The appellant contends that the statement he gave to an FBI agent was inadmissible because his court appointed attorney was not present at the time. The evidence shows that the appellant was fully informed and understood his constitutional right to have his attorney present but that he waived this right until after his statement was made and then he called his attorney. The trial court did not err in admitting the statement in evidence. *Walker v. State,* 226 Ga. 292 (3) (174 SE2d 440).

11. The appellant contends that the trial court erred in overruling his motion for a mistrial based on the grounds that the district attorney was leading his witnesses and had done so throughout the trial.

"A judge is given latitude and discretion in permitting leading questions, and unless there has been abuse thereof, resulting in prejudice and injury, there is no reversible error. *Hill v. State,* 41 Ga. 484 (5); *Parker v. Ga. Pacific R. Co.,* 83 Ga. 539 (1) (10 SE 233); *City of Rome v. Stewart,* 116 Ga. 738 (2) (42 SE 1011); *Caison v. State,* 171 Ga. 1 (9) (154 SE 337)." *Brown v. State,* 203 Ga. 218, 221 (46 SE2d 160); Code § 38-1706.

There is no merit in this contention.

12. The appellant contends that the trial court erred in failing to give his requested charges Nos. 2 through 14. We have carefully reviewed the requested charges and find that the court's charge

to the jury amply covered the requests. There is no merit in this contention.

13. The appellant contends that the trial court erred in recharging the jury at its request on the question of kidnapping with injury and kidnapping without injury because the court did not also recharge them that they could also find a verdict of not guilty.

"Where the jury requests further instructions upon a particular phase of the case, the court in his discretion may recharge them in full, or only upon the point or points requested." *Short v. State,* 140 Ga. 780 (9) (80 SE 8); *Carrigan v. State,* 206 Ga. 707 (10) (58 SE2d 407); *Scott v. Thomas,* 225 Ga. 139 (4) (166 SE2d 726).

There is no merit in this contention of the appellant.

14. The appellant contends that he was denied due process of law and a fair and impartial trial because the jury did not take sufficient time to consider the evidence before returning a verdict.

This contention of the appellant is without merit. The length of time a jury requires to reach a verdict presents no question for review.

15. The appellant contends that he was denied a fair and impartial trial because after the sequestration rule had been invoked by him, the foreman of the grand jury which had indicted him and the witnesses for the state discussed the testimony already given and that to be given.

Code § 38-1703 provides: "In all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other. The court shall take proper care to effect this object as far as practicable and convenient, but no mere irregularity shall exclude the witness."

The foreman of the grand jury did not testify in this case. Therefore, the above Code section does not apply. Furthermore, the foreman testified at the hearing on the motion for new trial that the testimony of the state's witnesses was not discussed with him.

There is no merit in this contention of the appellant.

16. The appellant contends that the trial court erred in failing to grant him a continuance on his motion for new trial because his counsel had not had sufficient time to prepare for said motion. The record in this case shows that counsel for the appellant had the record in this case for 30 to 35 days before the date set for hearing the motion for new trial and that counsel had previously been granted a 30-day extension of time.

A motion for a continuance of the hearing on motion for new trial is addressed to the sound discretion of the trial judge, and in the absence of a clear showing to the contrary, it will be presumed that such discretion was not abused. *Boatwright v. State,* 91 Ga. 13 (16 SE 101); *Ward v. Ward,* 134 Ga. 714 (68 SE 478); *Graham v. State,* 107 Ga. App. 332 (1) (130 SE2d 166). There is no merit in this contention.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 7, 1973 — DECIDED JANUARY 28, 1974 — REHEARING DENIED FEBRUARY 18, 1974.

*James M. Rea,* for appellant.
*George D. Lawrence,* for appellee.