In October 1989, Lloyd V. Crawford; his wife, Joyce Ruth Crawford; and their attorney, Pamela Gooden, were separately indicted for "advertis[ing] that [they] would adopt children and/or . . . hold[ing] out inducements to a parent . . . to part with her infant child" in violation of Ala. Code 1975, § 26-10-8. The defendants filed separate motions to dismiss, challenging the constitutionality of the statute. These motions were consolidated, and a hearing was held on January 10, 1990.
At that hearing, the State was represented by assistant attorneys general from the Office of the Alabama Attorney General and the Alabama Department of Human Resources. The Attorney General's Office had "problems with the vagueness" and "some reservations about the constitutionality of the statute as it now stands." The attorneys from DHR felt "that the statute is sound."
On January 17, 1990, the circuit court entered the following order:
 "On January 10, 1990, the Court set all pending motions filed by the Defendants for hearing. Among the motions argued were the Defendants' motion to dismiss on the ground that § 26-10-8, Code of Alabama (1975), was unconstitutionally vague.
 "The right to due process is guaranteed to the citizens of Alabama under the Alabama Constitution of 1901, Article 1, Sections 6 and 13. This constitutional right to due process applies in civil actions as well as criminal proceedings. The Supreme Court of Alabama has found that this right is violated when a statute or regulation is unduly vague, unreasonable, or overbroad. Ross Neely Express, Inc. v. Alabama Department of Environmental Management, 437 So.2d 82 (1983); Kahalley v. State, 254 Ala. 482, 48 So.2d 794
(1950).
 "In this case, the statute, § 26-10-8, Code of Alabama (1975), is constitutionally defective because it fails to set forth sufficient guidance to those who would be law-abiding or advise a defendant of the nature and cause of an accusation.
 "This Court does not in any way condone the brokering of adoptions or the buying and selling of infant children. That is not to say that this Court is of the opinion that the Defendants were involved in such; the Court has not heard any evidence in this case. However, this Court finds that the statute, sub judice, fails to meet constitutional muster. During oral argument, the State of Alabama, by and through its Assistant Attorney General, expressed with commendable candor reservations about the constitutionality of the statute. The tacit agreement regarding the unconstitutionality of the statute is also highlighted by legislation which has been prefiled in the upcoming regular session of the Alabama Legislature; the bill is known as the Revision of Alabama Adoption Laws, a copy of which is attached hereto as Exhibit "A" and is incorporated herein by reference. [That exhibit is omitted from this opinion.]
 "The Court finds that this bill is a comprehensive and complete revision of Alabama's adoption laws including the criminal statutes and sanctions thereunder. In the opinion of the Court, the revisions comport with constitutional due process; accordingly,
 "It is, therefore, ORDERED, ADJUDGED AND DECREED that the indictments in Case Nos. 89-2172, 89-2120, and 89-2119 be and the same are hereby dismissed."
The State appeals from this order as authorized by Ala. Code 1975, § 12-22-91. We affirm the judgment of the circuit court declaring § 26-10-8 unconstitutional.
Section 26-10-8 states:
 "It shall be unlawful for any person or persons, organizations, hospitals or associations which have not been licensed by the state department of human resources to advertise that they will adopt children or place them in foster homes or hold out inducements to parents to part with their offspring or in any manner knowingly *Page 867 
become a party to the separation of a child from its parent, parents or guardian except through the commitment of a court having jurisdiction."
The penalty for violating this section is a fine of not more than $100 or imprisonment in the county jail for not more than three months, or both. § 26-10-9.
"It is a well recognized rule of law that in the enactment of statutes reasonable precision is required. Indeed, one of the prime requisites of any statute is certainty, and legislative enactment may be declared by the courts to be inoperative and void for uncertainty in meaning." Opinion by the Justices,249 Ala. 88, 91, 30 So.2d 14, 17 (1947).
 " 'As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' Kolender v. Lawson, [461] U.S. [352], 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (citations omitted). A statute challenged for vagueness must therefore be scrutinized to determine whether it provides both fair notice to the public that certain conduct is proscribed and minimal guidelines to aid officials in the enforcement of that proscription. See Kolender, supra; Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). If the statute 'either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application,' it is void for vagueness. Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)."
McCorkle v. State, 446 So.2d 684, 685 (Ala.Cr.App. 1983). "Under Article 1, Section 6, [of the Alabama Constitution of 1901] the right of the accused to demand the nature and cause of the accusation is a fundamental component of the right to due process; the defendant must fully and intelligently understand the charge to adequately prepare a defense. Young v.State, 348 So.2d 544 (Ala.Crim.App. 1977). Furthermore, because the charge is derived from a criminal statute, the statute itself must be sufficiently definite and certain to pass constitutional muster." Newberry v. State, 493 So.2d 995,996-97 (Ala. 1986).
 "It is also settled law that 'In enacting a criminal statute, there is an obligation on the State to so frame it that those who are to administer it and those to whom it is to be administered may know what standard of conduct is intended to be required and legislation may run afoul of the due process clause because of a failure to set up any sufficient guidance to those who would be law-abiding, or to advise a defendant of the nature and cause of an accusation he is called on to answer, or to guide the courts in the law's enforcement.' Kahalley v. State, 254 Ala. 482, 483, 48 So.2d 794, 795. . . .
 "And a person is not required to speculate as to the meaning of a statute at the peril of his freedom. Lanzetta v. State of New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888. The intent of the legislature must appear from the face of the statute."
Bolin v. State, 266 Ala. 256, 260, 96 So.2d 582, 585-86 (1957). See also, Carter v. State, 243 Ala. 575, 576, 11 So.2d 764, 766
(1943) (" 'A mere collection of words alone cannot constitute a law.' ").
We will not belabor this matter. The statute is so vague, ambiguous, and broad that reasonable people must necessarily guess at its meaning and differ as to its application. It is simply impossible to state what conduct is and is not prohibited under the statute.
In this particular case, a significant indication that the statute is unconstitutional is found in the fact that § 26-10-8 has been repealed by 1990 Ala. Acts, No. 90-554, known as the "Alabama Adoption Code," which becomes effective January 1, 1991 (codified at Ala. Code §§ 26-10A-1 through 26-10A-38 (Supp. 1990)). The significance is not merely in the fact that § 26-10-8 has been repealed, but in the comparison of the specificity and definiteness of the new provisions *Page 868 
with the ambiguity and vagueness of the old.
Section 33 of the Alabama Adoption Code (codified at §26-10A-34) governs "payments to parent for placing minor for adoption; maternity expenses; receipt of financial benefits by father" and provides:
 "(a) It shall be a Class A misdemeanor for any person or agency to offer to pay money or anything of value to a parent for the placement for adoption, for the consent to an adoption, or for cooperation in the completion of an adoption of his or her minor. It shall be a Class C felony for any person or agency to pay money or anything of value to a parent for the placement of a child for adoption, for the consent to an adoption, or for cooperation in the completion of an adoption of his or her minor. This section does not make it unlawful to pay the maternity-connected medical or hospital and necessary living expenses of the mother preceding and during pregnancy-related incapacity as an act of charity, as long as the payment is not contingent upon placement of the minor for adoption, consent to the adoption, or cooperation in the completion of the adoption.
 "(b) It shall be a Class C felony for any person or agency to receive any money or other thing of value for placing, assisting or arranging a minor placement. This section is not intended to prohibit legitimate charges for medical, legal, prenatal or other professional services.
 "(c) Surrogate motherhood is not intended to be covered by this section."
Section 35 of that Act (codified at § 26-10A-36) governs "advertisement as to adoption by persons, organizations, etc., not licensed by department of human resources" and provides:
 "It shall be unlawful for any person or persons, organizations, corporation, partnership, hospital, association, or any agency to advertise verbally, through print, electronic media, or otherwise that they will:
 "(1) adopt children; or assist in the adoption of children in violation of this Act;
 "(2) place or assist in the placement of children in foster homes, group homes, or institutions in violation of the Act; or
 "(3) pay or offer money or anything of value to the parents of a child in violation of Section 33 [codified at § 26-10A-34] of this act. Any violation of this subsection shall be punished as a Class A Misdemeanor."
Although we express no opinion on the constitutionality of the above provisions of the new Alabama Adoption Code,[1] a comparison of those provisions with § 26-10-8 reveals the conspicuous glaring constitutional deficiencies of § 26-10-8.
The judgment of the circuit court declaring Ala. Code 1975, § 26-10-8, unconstitutional is affirmed.
AFFIRMED.
All Judges concur.
[1] " 'Courts will inquire into the constitutionality of a statute only when and to the extent that the case before the court requires. . . . A court has a duty to avoid constitutional questions unless essential to the proper disposition of the case.' " Lowe v. Fullord, 442 So.2d 29, 33 (Ala. 1983) (emphasis in original).