A94A0604. STATE OF GEORGIA v. GONZALES.
(445 SE2d 808)

McMURRAY, Presiding Judge.
The State of Georgia filed an in rem condemnation proceeding pursuant to OCGA § 16-13-49, alleging Virgilio Jesus Gonzales used certain property in furtherance of a violation of the Georgia Controlled Substances Act. Gonzales denied that he violated the Georgia Controlled Substances Act and sought return of all property seized by the State. The State filed a motion to dismiss, pointing out that Gonzales neither verified his answer nor alleged therein the defense and disclosure elements required by OCGA § 16-13-49 (o) (3) (A) through (G). On September 2, 1993, Gonzales filed an amended answer satisfying all of these deficiencies.

On September 20, 1993, the trial court entered the following order: "The State having timely set the above styled matter for hearing as required by [OCGA] Section 16-13-49 (o) (5), and [it appearing] to the Court that the investigative officer in said case is unable to attend on Wednesday, September 15, 1993 at 9:00 A.M., as scheduled, and it further appearing that the State has moved for a continuance, it is hereby [ordered] that the hearing . . . is hereby continued for good cause upon motion of the State of Georgia. The hearing is to be reset by the State upon proper notice to all parties."

The State's attorney notified Gonzales that the hearing was reset

for "Wednesday, October 6, 1993, at 9:00 A.M." At the rescheduled hearing, the State's attorney "moved for a second continuance; and [Gonzales] moved for a dismissal of said action pursuant to O.C.G.A. [§] 16-13-49 (o) (5). . . ." The trial court entered the following order: "[T]he complaint In Rem is dismissed for failure to prosecute said action within a reasonable period of time after service of said complaint. The Court specifically finds that the dismissal is authorized under the circumstances in that the State failed to show good cause as to why the hearing should be continued for a second time." This appeal followed. *Held*:

The State contends the trial court erred in dismissing the forfeiture complaint on the grounds that no hearing was conducted within 60 days of service of the complaint as required by OCGA § 16-13-49 (o) (5). This contention is not supported by the record. Specifically, the trial court did not dismiss the complaint because of the State's failure to conduct a hearing within the time prescribed by OCGA § 16-13-49 (o) (5); the trial court ruled "that the Complaint In Rem is dismissed for failure to prosecute said action within a reasonable period of time after service of said complaint [and] specifically [found] that the dismissal is authorized under the circumstances in that the State failed to show good cause as to why the hearing should be continued for a second time."

" 'A motion for a continuance of the hearing . . . is addressed to the sound discretion of the trial judge, and in the absence of a clear showing to the contrary, it will be presumed that such discretion was not abused. *Boatright v. State*, 91 Ga. 13 (16 SE 101); *McKoy v. Hardy*, 92 Ga. App. 525 (88 SE2d 708); *Digsby v. Johnson*, 82 Ga. App. 611 (61 SE2d 792).' *Whidby v. Feagins*, 103 Ga. App. 797, 799 (120 SE2d 661)." *Graham v. State*, 107 Ga. App. 332, 333 (1) (130 SE2d 166). In the case sub judice, there is no evidence in the record refuting the trial court's finding that "the State failed to show good cause as to why the hearing should be continued for a second time." Thus, it cannot be said that the trial judge abused his discretion in denying the State's second motion for continuance. Consequently, since the State failed to show good cause why the hearing should be continued, the trial court did not err in denying the State's motion for continuance. See *Graham v. State*, 107 Ga. App. 332, 333 (1), supra. Further, since a hearing can no longer be conducted within 60 days after the filing of Gonzales' amended answer, the trial court did not err in granting Gonzales' motion to dismiss. See *State of Ga. v. Alford*, 264 Ga. 243 (444 SE2d 76); *Henderson v. State of Ga.*, 205 Ga. App. 542 (422 SE2d 666), aff'd in 263 Ga. 508 (436 SE2d 209).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED JUNE 24, 1994.

*Michael H. Crawford, District Attorney, George Guest, Assistant District Attorney,* for appellant.
*Timothy P. Healy,* for appellee.